## THE STATE OF MISSOURI, Respondent, v. W. C. SHANKS, Appellant.

### Kansas City Court of Appeals, February 2, 1903.

1. **Criminal Law: SELLING LIQUOR: DRUGGIST: MERCHANT.** Evidence fails to show that the defendant kept constantly in his employ a registered pharmacist, but that he had a merchant's license, and he was, therefore, properly indicted for selling liquor as a merchant and not a druggist.

2. ————: ————: ————: ————. A merchant can not lawfully sell liquor on prescription of a physician.

3. ————: ————: **CREDIBILITY OF WITNESS: PRACTICE.** The credibility of the witnesses is a question for the trial court, and its determination concludes the appellate court.

4. ————: ————: **INFORMATION: SURPLUSAGE.** An information purporting to be made by the prosecuting attorney and properly charging an offense will not be vitiated by the fact that it is verified by a private person, and such verification may be regarded as mere surplusage.

Appeal from Cooper Circuit Court.—*Hon. James E. Hazell,* Judge.

AFFIRMED.

*C. D. Corum* for appellant.

(1) Under the facts, the defendant had constantly in his employ a competent pharmacist, and he is, therefore, a druggist within the meaning of the law. State v. Steele, 84 Mo. App. 317. (2) The evidence also shows that the defendant was a merchant. Being both a merchant and a druggist, he should have been prosecuted for the violation of the druggist statute. State v. Steele, 84 Mo. App. 317; State v. Alexander, 73 Mo. App. 607. (3) The motion in arrest should have been sustained and for this good and sufficient reason: the information is verified by a private person and is made according to his "best information and belief." This will not answer the requirement of the law. (4) It is true that the prosecuting attorney, who acts at all times under the sanctity of his official oath, may institute a prosecution by verifying the information according to his information and belief. But the same latitude is not allowed private persons. R. S. 1899, sec. 2477; State v. Hayward, 83 Mo. 299; State v. Bennett, 102 Mo. 373; State v. Pruitt, 61 Mo. App. 156; State v. Downing, 22 Mo. App. 507; State v. Ristig, 30 Mo. App. 360. (5) And having elected to base his information on the verification of a private person, such verification must be sufficient to sustain the information. The verification in this case is insufficient and the information based thereon should, therefore, be quashed. State v. Luman, 66 Mo. App. 473; State v. Lewis, 70 Mo. App. 40.

*Ernest Chambers* for respondent.

(1) It is admitted that neither the defendant nor his clerk were registered pharmacists, and the evidence shows that he did not keep constantly in his employ a registered pharmacist, and that he had a license as a merchant. He was, therefore, properly charged with a violation of the merchant's law. State v. Basket, 52

Mo. App. 389; State v. Jordan, 87 Mo. App. 420; State v. Spence, 87 Mo. App. 577; State v. Paul, 87 Mo. App. 48; State v. Alexander, 73 Mo. App. 606; State v. Williams, 69 Mo. App. 286.    (2) The information in this case does not, upon its face, purport to be based on the affidavit of Shoemaker, or any other person, but is in the usual language employed in an information filed by the prosecuting attorney under his oath of office. In this it differs from the information in the Luman case, and some other cases cited by appellant.    (3) The verification of the information in the case at bar, not being required, may be treated as surplusage, and a good and complete information remains, and the motion in arrest was properly overruled.    State v. Ransberger, 106 Mo. 135; Ib., 42 Mo. App. 468; State v. Kyle, 166 Mo. 287; State v. Kelm, 79 Mo. 515; State v. Briscoe, 80 Mo. 643; State v. Morse, 55 Mo. App. 332; Bishop's New Criminal Procedure (4 Ed.), sec. 144.

SMITH, P. J.—The information upon which the defendant was prosecuted and convicted in this case was based on section 8563, Revised Statutes 1899. The cause by agreement was tried before the court.   No instructions were requested or given.   The question now is, whether upon the face of the record the finding and conviction can be upheld.   The defendant contends that while he was a merchant he was also a druggist, and so being, the information should have been based on section 3047, Revised Statutes 1899.

The evidence tends to show that the defendant was a duly-licensed merchant but it does not show that he was a druggist or pharmacist.   It is true, it shows that Dr. Quigg, a practicing physician, who kept his office on the opposite side of the street from the defendant's store, did occasionally, when requested, compound and dispense the prescriptions of physicians for the defendant; but he was not kept constantly in the employ of the defendant as required in such cases by section 3040,

Revised Statutes 1899. The evidence does not disclose a case like that of State v. Steele, 84 Mo. App. 316. We discover no evidence to warrant the defendant's contention that he was a statutory druggist as well as merchant, and it necessarily follows that the information was founded on the proper section of the statute.

It logically follows, further, that since the defendant was not a statutory druggist, that even if the sale, charged in the information, had been made on the prescription of a physician, it would still have been contrary to law. But it seems from the evidence that the defendant, on the day laid in the information, made four separate sales of whiskey to one Shoemaker—a pint at a time—without any prescription except as to the fourth and last, so that if he had been a statutory druggist he would still have been guilty of making one or more unlawful sales.

The defendant introduced three witnesses who testified that the reputation of Shoemaker, the person to whom it is charged in the information the sale was made, for truth and veracity was bad; but a like number was introduced by the State who testified that it was good. The credibility of the witness was a question for the court, as the trier of the fact, to determine, and its determination concludes us. The evidence was sufficient to justify the finding of the court.

But the defendant finally contends that the information is insufficient to support the judgment. It purports to be an information by the prosecuting attorney and properly charges an offense under said section 8563. It contains every essential averment necessary to notify the defendant of the nature and cause of the accusation, or, in other words, it charges that a certain crime has been committed and that a certain person has committed it, and this is all that is required. State v. Ransberger, 106 Mo. 136. It is true that there is appended to it the verification of S. T. Shoemaker, but as it is a complete and perfect information by the prosecuting attor-

ney the verification neither adds to nor subtracts from it. It is complete and perfect with or without such verification, which we think may be regarded as mere surplusage. *Surplusagium non nocet.*

The judgment is affirmed. All concur.