**STATE of Missouri, Plaintiff-Respondent,**

v.

**Charles Eugene DURLEY, Defendant-Appellant.**

No. 11558.

Missouri Court of Appeals, Southern District, Division One.

July 28, 1980.

Motion for Rehearing or To Transfer to Supreme Court Denied Aug. 12, 1980.

Application to Transfer Denied Sept. 9, 1980.

John D. Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

John E. Kelly, Bert V. Twibell, Springfield, for defendant-appellant.

GREENE, Judge.

On April 5, 1979, defendant Charles Eugene Durley was charged by information with the crime of manslaughter by culpable negligence, in violation of § 565.005.[1] The information alleged that defendant unlawfully killed Edith Johnson (his live-in girl friend) as the result of his culpable negligence in handling a gun. Prior to trial, the state filed an amended information, over the objection of defendant. The amended information charged manslaughter by culpable negligence, alleged that manslaughter is a class "C" felony, and stated that defendant was a persistent offender and, as such, was punishable by sentence to an extended term of imprisonment under § 558.-016 in that he had been convicted of two prior felonies. Defendant was then jury-tried and convicted of manslaughter, after which the trial court found defendant to be a persistent offender and sentenced him to 15 years' imprisonment. This appeal followed.

The sole point relied on in the appeal is that the trial court erred in allowing the state to amend the felony information to a charge of class C felony for the reasons that 1) manslaughter is not a class C felony, and 2) manslaughter cannot be made a class C felony so as to bring it within the provisions of the "persistent offender" statute. This is a matter of first impression for the courts of Missouri. The precise question presented is whether a defendant charged with manslaughter under § 565.005 can be charged and certified as a persistent offender under § 558.016. The answer is yes.

The legislature, in June of 1977, enacted Senate Bill No. 60, which is known and cited as "The Criminal Code." § 556.-011. It became effective January 1, 1979. Senate Bill No. 60 was a comprehensive effort to codify most, but not all, of the Missouri Criminal Statutes. The code provided, in § 556.031, that "1. The provisions of this code shall govern the construction and punishment for any offense defined in this code and committed after January 1, 1979 . . . 2. Offenses defined outside of this code and not repealed shall remain in effect . . . ." This language clearly states that "code offenses" refer only to the offenses listed in Senate Bill No. 60, and that offenses in existence and not repealed by the enactment of the code are offenses outside the code. The offense of manslaughter, formerly §§ 559.070 and 559.140 RSMo 1969, V.A.M.S., was not repealed by the new code, L.1977, Senate Bill No. 60, p. 662. It is therefore an offense outside the code.

The fact that the Committee on Legislative Research chose to renumber the manslaughter statutes and to place them in the proper section of the code enactments (Ch. 565—Offenses Against the Person) does not make manslaughter a code offense. § 3.060; *Chicago, B. & Q. R. Co. v. North Kansas City*, 367 S.W.2d 561 (Mo.1963); *Kansas City v. Travelers Insurance Company*, 284 S.W.2d 874, 878 (Mo.App.1955).

Since manslaughter is not a code offense, but is an offense defined outside the code, the relevant statute to consider in determining how to punish a person convicted of manslaughter who is subject to the extended term provisions is § 557.021.-3(1)(c), which states: "For the purpose of applying the extended term provisions of section 558.016, RSMo, and for determining the penalty for attempts and conspiracies, offenses defined outside of this code shall

1. Unless otherwise indicated, all references to statutes are to RSMo 1978.

be classified as follows: If the offense is a felony . . . [i]t is a class C felony if the maximum term of imprisonment authorized is ten years; . . ." Manslaughter, by virtue of § 565.031, carries a maximum authorized term of up to ten years' imprisonment. It is a class C felony for extended term purposes.

Defendant was properly found to be a persistent offender, and was properly sentenced under the extended term provision of the code. His punishment (15 years) was within the range of punishment for class C felonies under the extended term provisions of the statute. § 558.016.4(2).

The trial court did not err in permitting the amended information, or in sentencing defendant to an extended term under the criminal code.

The judgment is affirmed.

All concur.