STATE of Missouri, ex rel. George WESTFALL, Prosecuting Attorney of St. Louis County, State of Missouri, Relator,

v.

The Honorable Patrick CLIFFORD, Associate Judge of the Circuit Court, St. Louis County, State of Missouri, Respondent.

No. 43509.

Missouri Court of Appeals, Eastern District, Division Three.

May 19, 1981.

George R. Westfall, Richard A. Behlman, St. Louis, for relator.

Joseph W. Downey, Clayton, for respondent.

REINHARD, Judge.

Relator sought an alternative writ of mandamus to compel respondent judge to vacate his order sustaining a motion to dismiss two causes filed against defendant. We issued the alternate writ which we now make permanent.

█ The sole issue to be decided is whether the informations in these cases, which were signed but not verified by the assistant prosecuting attorney, constitute valid charges against the defendant. The answer is yes. As noted by respondent, § 545.240, RSMo 1978, requires that all informations be signed by the prosecuting attorney and verified by his oath, if not verified by the oath of some person competent to testify as a witness in the case, or supported by the attached affidavit of such person. The statute goes on to allow verification of the prosecuting attorney based upon his information and belief.

Our supreme court, pursuant to Section 5 of Article V of the Missouri Constitution, has adopted rules governing informations and indictments. These rules supersede all statutes and rules inconsistent therewith. Rule 19.02. Rule 23.01(a), adopted subsequent to the statute, requires that an information be in writing and signed by the prosecuting attorney. No mention is made of verification. The first part of the committee note to this rule states: "The source of paragraph (a) is prior Rule 24.16. There is change in that the rule allows the prose-

cuting attorney to simply sign an information rather than requiring verification." Rule 21.02 permits the prosecuting attorney to file an information charging the commission of a misdemeanor based upon his own knowledge or information and belief, or upon a verified complaint. Rule 37.46 provides for the "Uniform Traffic Ticket" and its use as a complaint or information.

In the case before us, defendant was charged by use of the Uniform Traffic Ticket with two misdemeanors in the associate circuit court. The arresting officer signed as the complainant in the appropriate space. His signature was not verified although a space is provided on the traffic ticket immediately below his signature for that purpose. The assistant prosecuting attorney signed in the next space below where the form states: "On information undersigned prosecutor complains and informs court that above facts are true as he verily believes." His signature was also not verified. In fact, the approved form has no space for a verification of the prosecutor's signature.

Defendant filed a written motion to dismiss the charges on the ground that there was no validly filed information since the arresting officer's signature on the traffic ticket was "not notarized."

With the adoption of Rule 23.01(a), it is clear that the verification of a prosecuting attorney's signature on an information is no longer required. The prosecuting attorney chose to file the information on his own information and belief in lieu of relying on a verified complaint. The charge was complete when he signed and filed the information.[1] Since it was signed upon his own information and belief, the officer's complaint was mere surplusage and "neither adds nor subtracts from the information." *State v. Shanks*, 98 Mo.App. 138, 71 S.W. 1065 (1903). Here, had the prosecuting attorney chosen to file the information based upon the unverified complaint, the defend-

1. Assistant prosecuting attorney has authority to sign an information. *State v. Elgin*, 391 S.W.2d 341 (Mo.1965).

ant's and respondent's positions would have been sound. But this was not the situation in the case before us. Therefore, the court improperly dismissed the informations.

 Respondent argues that the state had an adequate remedy, the right to appeal. The issuance of a writ of mandamus is discretionary with the court. *State ex rel. McGarry v. Kirkwood*, 423 S.W.2d 205 (Mo.App.1967). Ordinarily, the writ will not be issued if the relator has an adequate remedy at law. *State ex rel. Nesbit v. Lasky*, 546 S.W.2d 51 (Mo.App.1977). It appears that the practice employed here is widespread throughout this state. Therefore, the public interest requires an immediate determination of the issue, and under these circumstances, mandamus is proper. Our alternate writ of mandamus heretofore issued is made peremptory and respondent is directed to vacate and set aside his order dismissing the causes in question filed against defendant and to reinstate said causes.

CRIST, P. J., and SNYDER, J., concur.