Charles Eugene DURLEY,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 13763.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 30, 1985.

Jon VanArkel, Asst. Public Defender, Springfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., Gary L. Gardner, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Movant, Charles Eugene Durley, was jury-convicted of manslaughter by culpable negligence, § 565.005,[1] for the shooting death of his live-in girl friend, which shooting occurred as the result of Durley's negligence in handling a gun. The jury recommended a fine of $1,000 and a one-year sentence in the county jail. The trial court found Durley to be a persistent offender, § 558.016, as charged in an amended information, and sentenced him to 15 years' imprisonment in the custody of the Missouri Department of Corrections. The hearing preceding this action revealed that Durley had been convicted of two prior felonies.

In his appeal, the sole point relied on was that the trial court erred in allowing the state to amend the original information to a charge of class C felony because manslaughter was not a class C felony and, therefore, the persistent offender statute did not apply, as there was no provision in the criminal code, § 556.011 *et seq.*, to have a manslaughter conviction subject to enhanced punishment provisions, by virtue of the persistent offender statute. The appellate court, in affirming the conviction, rejected this argument, holding that statutory punishments prescribed for the crime of manslaughter were subject to enhancement, as authorized by § 557.021.3(1)(c). *State v. Durley*, 603 S.W.2d 72 (Mo.App. 1980).

Durley then filed a Rule 27.26 motion to vacate his sentence, with his primary allegations in support of his motion being 1) the trial court lacked jurisdiction to enhance his punishment, as the original information had not charged him with being a persistent offender, and that no valid amendment to the original information containing such a charge had been filed prior to sentence, and 2) improper reception into evidence of Durley's admissions as to certain facts "without the requisite findings of voluntariness." An evidentiary hearing was held, after which the motion court filed interlocutory findings of fact and conclusions of law, followed by final findings of fact, conclusions of law and judgment which incorporated by reference the interlocutory findings. The judgment denied the requested relief.

Durley appeals, claiming that 1) no information had ever been filed in his case charging him as a persistent offender and, therefore, the trial court had no jurisdiction to enhance his punishment, and 2) statements and admissions made by him were improperly received in evidence because they were made involuntarily, in that he had requested an attorney before he made any statements, which request was denied and, further, the statements and admissions were obtained by police subterfuge.

---

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

On the first point, the motion court concluded that Durley failed to meet his burden of proof of establishing that an amended information properly charging him with being a persistent offender had not been properly filed. On the second point, the trial court concluded that the statements and admissions made by Durley were voluntarily given, and that his testimony to the contrary was not worthy of belief.

■ Our review is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous, Rule 27.26(j), and we must affirm the judgment unless we are left with the definite and firm impression that a mistake has been made, and that the motion court clearly erred. *King v. State*, 639 S.W.2d 396, 397 (Mo.App.1982).

Turning to the first point relied on, we note that the original felony information charging Durley with manslaughter by culpable negligence was stamped "filed" by the Greene County clerk's office on April 5, at 2:33 P.M., 1979. Later, the prosecutor's office filed a "Motion for Leave to file Amended Information" which was stamped July 13, 1979, and to which an amended information, alleging that Durley was a persistent offender, was attached. The amended information was never itself "filed" by the clerk's office, but was contained in the official court record. At Durley's trial, the prosecuting attorney asked leave of the court to amend the amended information to reflect that manslaughter by culpable negligence is a class C felony in order to invoke the provisions of the persistent offender act for sentencing. The trial court sustained the state's motion and allowed the amendment to be marked by interlineation on the amended information in the court's file. Defense counsel made no objection to the amended information itself on the basis that it had never been "filed."

■ The filing of a pleading or information with the clerk's office need not be accomplished by having the word "filed" stamped on it. The presence of the word "filed" may be evidence of the fact that the information had been filed, but it is not the exclusive proof. To be filed with the court, the information need only be deposited with the clerk of the court. *State v. Havens*, 177 S.W.2d 625, 630 (Mo.1944).

■ Since the amended information was part of the official court record, the trial court had notice of it, and Durley was aware of the amendment which added no new offense or charge, but merely indicated the prosecutor's intent to seek enhanced sentencing based on Durley's past record, the motion court did not clearly err in holding that Durley failed to meet his burden of proof to show that the amended information was never validly filed and the trial court lacked jurisdiction to impose a 15 year sentence. Further, "[i]f the defendant had any complaint of the use, or manner of use, of his prior convictions [in enhancing his punishment] such question should have been raised as a trial error and prosecuted as such upon his original appeal." *State v. Mallory*, 349 S.W.2d 916, 918 (Mo.1961). The first point is denied.

The facts relevant to the second point relied on are as follows. Upon being taken into custody, Durley was read the Miranda warnings and signed a waiver of rights card. He was questioned by Detective John E. Smith, who testified at the motion hearing that he read the waiver card to Durley and witnessed Durley signing it before he proceeded with the interview. Durley claimed that he asked for an attorney's presence when the police started to question him. He testified that he made the statement in question, only after police allegedly told him that they were trying to clear up his pre-custody statements so that he, "could go ahead and make bond." Smith remembered no point at which Durley had requested the presence of an attorney, and stated that if Durley had asked for an attorney, he would have ended the interview at once. Detective Smith also testified that he read a copy of the transcribed statement out loud to Durley, while Durley followed along on the original. Smith stopped periodically to ask if Durley understood what had just been read, and

had Durley initial each page and sign the last.

 It is within the motion court's province to judge the credibility of the witnesses and it may disbelieve mere assertions made by the moving party. *Andrews v. State*, 607 S.W.2d 762, 764 (Mo.App. 1980). We further observe that Durley did not object at trial to the testimony of Officer Smith, did not allege in his motion for new trial that the admission into evidence of his in-custody statement was erroneous, and did not raise the issue on direct appeal. Voluntariness of the in-custody statement is an issue that should have been raised on direct appeal, and not in this 27.26 proceeding. *Jones v. State*, 598 S.W.2d 595, 597 (Mo.App.1980).

The findings, conclusions and judgment of the motion court are not clearly erroneous.

Judgment affirmed.

TITUS, P.J., and FLANIGAN, J., concur.