**Jimmy Thomas DAVIS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15465.**

Missouri Court of Appeals, Southern District, Division Two.

Dec. 9, 1988.

Motion for Rehearing and to Transfer Denied and Overruled Dec. 30, 1988.

Application to Transfer Denied Feb. 14, 1989.

Elsie Branyan, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

Before FLANIGAN, P.J., and HOGAN and MAUS, JJ.

MAUS, Judge.

On July 11, 1980, movant Jimmy Thomas Davis entered pleas of guilty in the Circuit Court of Greene County to one charge of felony stealing, § 570.030.3, and two charges of selling controlled substances listed in Schedule III, IV or V, such as butabarbital, cyclopentenylallyl barbituric acid, tolbutal and etchlorvynol, § 195.240. The informations charged the movant was a persistent offender. They set forth each of his prior convictions of eight separate non-drug related felonies. The court found movant was a persistent offender. It sentenced him to ten years on the charge of felony stealing and 15 years on each charge of selling controlled substances. It ordered the sentences for the sales of controlled substances to run concurrently with each other and consecutively to the sentence for felony stealing. It also ordered all of those sentences to run concurrently with a prior sentence in the Circuit Court of Webster County. He appeals from the denial of an amended motion under Rule 27.26 attacking the Greene County sentences. The motions under consideration were filed before January 1, 1988, and were pending on that date. Post-conviction relief is governed by the provisions of Rule 27.26 in effect on the date the motions were filed. Rule 29.15(m).

The movant's first motion under Rule 27.26 was filed August 4, 1981. This motion attacked the sentences for selling controlled substances. On December 2, 1981, that motion was dismissed without an evidentiary hearing. No appeal was taken.

The movant's second motion under Rule 27.26 was filed December 23, 1983. This motion also attacked the sentences for selling controlled substances. It was denied without an evidentiary hearing. That denial was affirmed in *Davis v. State*, 680 S.W.2d 324 (Mo.App.1984).

The movant's third motion was filed on July 30, 1986. It sought relief from the sentence for stealing. The movant's fourth motion under Rule 27.26 was filed on September 17, 1986. It sought relief from the sentences for selling controlled substances. By agreement, the motions were consolidated in one action. Appointed counsel filed an amended motion which incorporated the pro se third and fourth motions and added additional allegations.

The amended motion restated five allegations for relief contained in the pro se motions. It added four allegations. The state filed a motion to dismiss the amended motion without an evidentiary hearing. A hearing was held upon the state's motion. The motion court made extensive findings of fact and conclusions of law pertaining to the movant's allegations. By those findings, the motion court determined that eight of the nine allegations did not state grounds for relief under Rule 27.26. It dismissed all allegations of the amended motion except paragraph C. The motion court held an evidentiary hearing on paragraph C.

Paragraph C alleged movant received constitutionally ineffective assistance of counsel because trial counsel "was laboring under a conflict of interest." Movant further alleged that he had information that his trial counsel at the time of his pleas was an employee of the office of the prosecuting attorney.

At the hearing, the movant testified that a friend was employed in the computer center of the City of Springfield. She told movant that through the computer she found that trial counsel was receiving payments from Greene County. Movant first testified this was in 1980. Later he testified it was in 1981. He said he did not have this information at the time of his pleas. He added that, if he had known these facts, he would not have pled guilty to the three charges. Trial counsel testified that he had been an assistant prosecuting attorney of Greene County. However, he resigned from that employment and his last day of work was January 15, 1977. Thereafter, his only connection with the office of the prosecuting attorney was to act as an appointed special prosecutor in one case in 1978.

The motion court found trial counsel had resigned as an assistant prosecuting attorney more than three years before the movant's pleas of guilty. It concluded that trial counsel had no conflict of interest and was not ineffective. It then entered judgment denying the movant's amended motion.

Movant states three points on appeal asserting three grounds for relief. The state responds to all points by contending they should be denied because the three grounds presented should have been raised in the first two motions under Rule 27.26. It cites Rule 27.26(d). With one exception the allegations of the amended motion are directed to all of the sentences. Neither the state nor the movant addresses the potential issue raised because the amended motion constitutes the third collateral attack on the sentences for selling controlled substances but only the first collateral attack upon the sentence for felony stealing. That issue need not be further discussed. The trial court considered the merits of movant's allegations. This court will consider movant's points on appeal as presented.

The movant's first point is that he was entitled to an evidentiary hearing upon his allegation the trial court exceeded its jurisdiction by sentencing movant as a persistent offender "because the court failed to follow the guidelines of Missouri Revised Statutes, Sections 558.016 and 558.021 (1978)." He adds that "[d]rug offenses are normally considered to be unclassified felonies which carry a range of sentences that are separate and apart from the normal classifications as specified by RSMo Sections 557.016 and 558.011 (1978)." He first supports this vague point by the following argument. He pled guilty to charges that he violated § 195.240, non-code offenses. He emphasizes that § 195.270 declares this violation to be a felony but does not classify it as a B, C or D felony. He states that "Section 558.016 (1978) is only applicable to B, C and D felonies." Therefore, he con-

cludes, the trial court was without jurisdiction to sentence him to extended terms.

The movant overlooks that portion of § 557.021.3 that reads as follows: *"For the purpose of applying the extended term provisions* of section 558.016, RSMo, and for determining the penalty for attempts and conspiracies, *offenses defined outside of this code* shall be classified as follows: ...."* § 557.021.3 (emphasis added). This argument has no merit. "Since the primary rule of construction is to ascertain the intention of the legislature, we do not believe defendant's contention that §§ 195.-200 and 558.016 are mutually exclusive is consistent with that intent." *State v. Arbeiter,* 664 S.W.2d 566, 570 (Mo.App.1983). Also see *State v. Anderson,* 698 S.W.2d 849 (Mo. banc 1985); *State v. LaPlant,* 673 S.W.2d 782 (Mo. banc 1984); *State v. Durley,* 603 S.W.2d 72 (Mo.App.1980).

Under this point movant also argues that he was entitled to an evidentiary hearing because of the following allegation. "[T]he movant was not given the opportunity to confront and challenge the State's allegations of his prior conviction[s] nor was he given the opportunity to present evidence in his own behalf...." The transcript of the acceptance of the movant's guilty pleas refutes this allegation. This argument has no merit.

■ Also, under this point movant argues at length the trial court erred in not requiring the state to place in evidence certified copies of the records of his eight prior non-drug related felony convictions. At the plea hearing, in response to questions by the thorough trial judge, the movant admitted each of those convictions and that he was represented by an attorney in respect to each of those convictions. His counsel stated that he had examined certified copies of the records of those convictions which were in the possession of the prosecuting attorney. His counsel added that those records appeared to be in proper form. This argument is without substance. Moreover, the amended motion makes no reference to the issue presented by this argument. The motion court obviously did not err in not granting a hearing because of an issue not pleaded. The movant's first point is denied.

■ The movant's second point is that the motion court erred in denying relief because movant established his trial counsel was "laboring under a conflict of interest." Upon the basis of the evidentiary hearing, the motion court found that movant's trial counsel did not have a conflict of interest. This finding was supported by the evidence. Movant's second point has no merit.

Movant's third point is that the motion court erred in not granting an evidentiary hearing because he alleged "he was denied effective assistance of counsel when his trial attorney failed to investigate the case and explore possible defenses prior to advising movant to enter a plea of guilty."

■ "The claim that an attorney's investigation of a case is inadequate must allege what specific information the attorney failed to discover, that reasonable investigation would have disclosed that information, and that the information would have aided or improved appellant's position." *Rice v. State,* 585 S.W.2d 488, 493 (Mo. banc 1979). The claim of ineffective assistance set forth in movant's third point obviously does not meet that standard. The claim so stated is a paraphrase of one or more similar general allegations in the amended motion. It is sufficient to observe they too fail to meet the required standard. Movant's third point is denied and the judgment is affirmed.

FLANIGAN, P.J., and HOGAN, J., concur.