**STATE of Missouri, Respondent,**

v.

**Gary Lynn PRIMM, Appellant.**

No. 56647.

Missouri Court of Appeals,
Eastern District,
Division One.

March 6, 1990.

Scott A. Albers, Jackson, Raymond Legg, Columbia, for appellant.

William L. Webster, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

In a bench-tried case, defendant was convicted of driving while intoxicated, driving without a valid operator's license, and improper passing. He was sentenced as a persistent offender to concurrent prison terms of three years, three days and three days respectively. We affirm.

In defendant's sole point on appeal, he alleges the information charging him with driving while intoxicated is fatally defective because it fails to allege defendant was under the influence of alcohol or drugs.

The information states in pertinent part: [d]efendant in violation of Section 577.-010, RSMo., committed the class D felony of driving while intoxicated, in that on or about the 10th day of December ... in the 400 block of Good Hope ... the defendant operated a motor vehicle *while in an intoxicated condition* .... (Emphasis ours.)

Section 577.010.1 provides, "A person commits the crime of 'driving while intoxicated' if he operates a motor vehicle while in an intoxicated or drugged condition." An intoxicated condition is defined in § 577.001.2: "A person is in an 'intoxicated condition' when he is under the influence of alcohol, a controlled substance, or drug, or any combination thereof."

The test for sufficiency of an information is whether it contains all essential elements of the offense as set out in the statute and clearly apprises defendant of facts constituting the offense. *State v. O'Connell,* 726 S.W.2d 742, 746 [4–6] (Mo. banc 1987). The information charging defendant followed the language of § 577.010.1. It is patterned after MACH–CR 31.02, as it appeared prior to January 1, 1985. At all times pertinent to this case, new MACH–CR 31.02 required a finding defendant operated a motor vehicle while under the influence of alcohol. However, this was a bench trial. It is common knowledge a person driving while intoxicated is one driving while under the influence of alcohol. Section 577.010 has not changed since 1982. Defendant was sufficiently apprised of driving while under the influence of alcohol. Defendant's remedy was to file a bill of particulars. Rule 23.04. He did not. By failing to do so, he waived any right to raise the issue on appeal. *State v. Stark,* 728 S.W.2d 301, 303 [2] (Mo.App.1987); *State v. Powell,* 684 S.W.2d 514, 518 [13, 14] (Mo.App.1984).

The information was sufficient and clearly apprised defendant of all essential elements constituting the offense charged.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.