**STATE of Missouri, Respondent,**

v.

**Garry W. KEITH, Appellant.**

**No. WD 45659.**

Missouri Court of Appeals, Western District.

Oct. 20, 1992.

Dan K. Purdy, Osceola, for appellant.

---

6. Appellant's lawyer took Tracy's deposition two days before trial.

Neil Quitno, Pros. Atty., Vernon County, Nevada, for respondent.

Before FENNER, P.J., and TURNAGE and KENNEDY, JJ.

FENNER, Presiding Judge.

Appellant, Garry W. Keith, appeals his class A misdemeanor conviction for violating an Ex Parte Order of Protection and an Ex Parte Order of Child Protection. After trial by the court, Garry Keith was convicted and sentenced to twenty days in the county jail.[1]

Garry Keith and his former wife, Susan Keith, were divorced in 1981. Subsequent to their divorce, Susan and Garry had an "on again off again" relationship. Susan Keith had a daughter, Tammy Trussell, who had lived with Garry and Susan. Garry was not the father of Tammy.

On February 20, 1991, Susan Keith was granted an Ex Parte Order Of Protection which was served on Garry Keith and provided that he was not to:

1. Abuse, or threaten to abuse, molest or disturb the peace of the petitioner [Susan Keith]; or

2. Enter upon the premises of the dwelling of [Susan Keith] located at 400 S. Sumner, El Dorado Springs, Missouri.

On the same date, February 20, 1991, the court also entered an Ex Parte Order of Child Protection in relation to Tammy, who was 17 years of age at the time. The Ex Parte Order of Child Protection was also served on Garry Keith and provided that he was not to:

1. Abuse, or threaten to abuse, molest or disturb the peace of [Tammy Trussell]; or

2. Have any contact with [Tammy Trussell] except as specifically authorized by the Court (See "Special Conditions" below); or

3. Enter the premises of the family home of [Tammy Trussell] located at "Belinda–Heartland Hospital, Tammy–800 S. Main, El Do" except as specifically authorized by the Court (See "Special Conditions" below).[2]

On February 28, 1991, Susan Keith together with her daughter, Tammy Trussell, a friend, Lynn Hulsart, and Lynn's brother, Dale Fishberg, were in Nevada, Missouri, at a bar called Cocktails. After Susan and her group had been at Cocktails for awhile, Garry Keith entered the bar with a friend of his, Sonny Hill. Garry and Sonny sat at a table by the door at first and then moved to a table closer to Susan's party. Tammy went over to Garry's table to talk to him and Susan overheard Garry saying that "[If] anyone gives me any trouble I won't put up with no trouble I won't take no trouble. And if there is any trouble, I'll tear this place up." Susan was frightened by Garry's presence and she had the owner of the bar call the police. The police arrived and Garry was arrested.

On March 1, 1991, an information was filed, against Garry Keith, in the Circuit Court of Vernon County, Missouri, Associate Division, which alleged as follows:

The Prosecuting Attorney for the County of Vernon, State of Missouri, charges this Defendant:

in violation of Sections 455.045 and 455.085 RSMo, committed the Class A misdemeanor of violation of an Ex Parte Order of Protection and an Ex Parte Order of Child Protection filed with the Cedar County Circuit Court on February 20, 1991, and served on Defendant on February 20, 1991, in that on or about February 28, 1991, in the County of Vernon, State of Missouri, the Defendant had contact with and disturbed the peace of Susan Keith and Tammy Trussell (daughter) at the Cocktails Bar.

On appeal, Garry Keith argues that the information was defective. Garry argues that the information failed to allege facts sufficient to constitute a violation under Section 455.085, RSMo Supp.1991, the protective order under the Adult Abuse Act.

---

1. This case is decided without input by way of a brief from the prosecutor on appeal.

2. The terms of the special conditions referred to in this and the preceding paragraph are not relevant to this appeal.

The information is far from a model charge. First of all, the information charges two separate criminal offenses in one count, one being violation of the Adult Abuse Act in reference to the Protective Order for the benefit of Susan Keith and the other being violation of the Child Protective Order for the benefit of Tammy Trussell. However, the statutory references in the information to "§ 455.045 and § 455.085 RSMo," are solely to the Adult Abuse Act relating to persons eighteen years of age and older. There is no statutory reference in the information to the relevant provisions of the Child Protection Orders Act, sections 455.500 to 455.538, RSMo Supp.1991. Furthermore, the court's finding and sentence make no distinction as to the two crimes charged. The court's finding was: "Court enters finding of guilty." The court's sentence was: "[C]ourt sentences defendant to 20 days in the county jail." [3]

■ The basic test for sufficiency of an information is whether it contains all the essential elements of an offense as set out in the statute and clearly apprises the defendant of the facts constituting the offense. *State v. Primm*, 785 S.W.2d 314, 315 (Mo.App.1990). The failure to cite a statutory reference or citing the incorrect statute does not necessarily render an indictment or information insufficient. *State v. Parker*, 792 S.W.2d 43, 44 (Mo.App. 1990). Furthermore, when two crimes are charged in a single count, the defendant's remedy is to require the state to elect which crime it wishes to submit. *State v. Harlston*, 565 S.W.2d 773, 778 (Mo.App. 1978). A defendant cannot complain of a failure of the state to elect when he made no request for an election. *State v. Walker*, 484 S.W.2d 284, 286 (Mo.1972). Since there was no request for an election in the case at bar, we will review to determine whether the information contained all the essential elements of the offenses charged.

**Ex Parte Order of Protection Adult Abuse**

■ Section 455.085.7, RSMo Supp.1991, sets forth the elements of the offense of violating an ex parte order of protection, in pertinent part, as follows:

A violation of the terms and conditions, with regard to abuse, child custody, or entrance upon the premises of the petitioner's dwelling unit, of an ex parte order of protection of which the respondent has notice, shall be a class A misdemeanor unless....

Section 455.010, RSMo Supp.1991, defines "abuse" as used in Section 455.085.7, RSMo Supp.1991, as follows:

"Abuse", includes but is not limited to the occurrence of any of the following acts, attempts, or threats against a person who may be protected under sections 455.010 to 455.085;

(a) "Assault", purposely or knowingly placing or attempting to place another in fear of physical harm;

(b) "Battery", purposely or knowingly causing physical harm to another with or without a deadly weapon;

(c) "Coercion", compelling another by force or threat of force to engage in conduct from which the latter has a right to abstain or to abstain from conduct in which the person has a right to engage;

(d) "Harassment", engaging in a purposeful or knowing course of conduct involving more than one incident that alarms or causes distress to another person and serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress and must actually cause substantial emotional distress to the petitioner. Such conduct might include but is not limited to:

a. Following another about in a public place or places;

b. Peering in the window or lingering outside the residence of another; but does not include constitutionally protected activity;

---

**3.** Since we reverse the judgment of the trial court based upon a finding that the information was insufficient, the significance of the court's finding, given the circumstance herein where two crimes were alleged, is not addressed.

(e) "Sexual assault", causing or attempting to cause another to engage involuntarily in any sexual act by force, threat of force, or duress;

(f) "Unlawful imprisonment", holding, confining, detaining or abducting another person against that person's will;

The information failed to allege that Garry Keith either "abused" Susan Keith under any of the definitions provided within Section 455.010, RSMo Supp.1991, or entered onto the premises of her dwelling unit.[4] The allegation that Garry Keith "had contact with and disturbed the peace of Susan Keith" does not sufficiently state elements which constitute a violation under Section 455.085.7, RSMo Supp.1991.

#### Ex Parte Order of Child Protection

Section 455.538.4(1), RSMo Supp.1991, sets forth the elements of the offense of violating an ex parte order of Child Protection as follows:

> Violation of the terms and conditions of an ex parte order of protection with regard to abuse, child custody, or entrance upon the premises of the victim's dwelling unit, of which the respondent has notice, shall be a class A misdemeanor.

Section 455.501, RSMo Supp.1991, defines "abuse" under the Child Protection Orders Act as follows:

> "Abuse", any physical injury, sexual abuse, or emotional abuse inflicted on a child other than by accidental means by an adult household member, except that discipline including spanking, administered in a reasonable manner shall not be construed to be abuse;

■ Once again, the information failed to allege that Garry Keith either "abused" Tammy Trussell as defined under Section 455.501, RSMo Supp.1991, or entered onto the premises of her dwelling unit.[5]

The information does not charge the essential elements of the offense of violating an Ex Parte Order of Protection under the Adult Abuse Act or an Ex Parte Order of Child Protection under the Child Protection Orders Act.

We are not called upon to decide whether Garry Keith was in contempt of court for having violated the terms of the protective orders by having disturbed the peace of Susan or Tammy or by having contact with Tammy. This was not a contempt action. Even though these actions might have been in violation of the court's protective orders, they are not within the elements constituting a criminal offense under Sections 455.-085.7 or 455.538.4(1), RSMo Supp.1991.

The judgment of the trial court is reversed and the defendant ordered discharged.

All concur.

---

4. The Ex Parte Order of Protection in the case at bar made no provision for child custody.

5. The Ex Parte Order of Child Protection in the case at bar made no provision for child custody.