STATE of Missouri, Plaintiff–
Respondent,

v.

Markel Dean AUSTIN, Defendant–
Appellant.

No. 18560.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 7, 1993.

Guy H. Richardson, Poplar Bluff, for defendant-appellant.

No respondent's brief filed.

SHRUM, Judge.

The defendant, Markel Dean Austin, was convicted by the court of driving while intoxicated in violation of § 577.010, RSMo 1986, and sentenced to six months in the county jail and fined $500. The court suspended execution of the term of incarceration and $200 of the fine. The defendant appeals contending the trial court had no jurisdiction. We affirm.

### FACTS

From the legal file and the transcript of the defendant's December 17, 1992, trial, we summarize facts germane to the defendant's points on appeal.

On May 22, 1992, at approximately 10:15 p.m., Missouri State Highway Patrol Sergeant Ronald T. Berry observed a pickup truck operated by the defendant weaving across the center line and onto the shoulder of Missouri Highway 51 in Butler County. Berry stopped the pickup truck, administered field sobriety tests to the defendant, and transported him to the Butler County jail, where Berry completed a multi-copy, preprinted Uniform Complaint & Summons, substantially similar in form and content to Supreme Court Form 37.A. A Uniform Complaint & Summons is commonly referred to as "a traffic ticket." For convenience, we will refer to the one involved in this case as "the ticket."

Berry used an "x" on the preprinted ticket to indicate the defendant "Did unlawfully operate" his vehicle. In the portion of the ticket that calls for a description of the violation, Berry wrote, "Intoxicated driving 1st offense," and indicated the defendant's actions were "in violation of 577.010 RSMo" and he placed an "x" in the box next to the term "DWI/BAC." Following this description of the violation and beneath the preprinted statement, "The above complaint is true as I verily believe," is the signature "R.T. Berry". Beneath Berry's signature are preprinted "Sworn to before me this date" and "Name & Title," which are followed respectively by the signature "C Bowman, D.C." and "5–26–92." Berry, however, testified he did not take an oath concerning the ticket. At the bottom of the ticket is the preprinted "On information, undersigned prosecutor complains and informs court that above facts are true as he verily believes" followed by the signature "Shawn P. Ellis."

Berry gave one copy of the ticket to the defendant, sent one copy to the highway patrol,[1] and retained a copy. Berry was uncertain of his disposition of the "original" ticket, testifying that it was mailed from Troop E headquarters or that he or another highway patrol officer delivered it "to the clerk in the [Butler County] prosecutor's office or the clerk in the judge's office."

The legal file contains a photocopy of the preprinted docket sheet from Butler County.[2] In the space denominated "Date Filed" is typed "5/26/92." A portion of the docket sheet labeled "Origin of Case" contains several preprinted options, including "1. __ Information/Complaint." In the blank space of that option is typed an "x," and the word "complaint" is stricken out. The lower two-thirds of the docket sheet is devoted to "Documents Filed/Action Taken in Case." This section contains no entry concerning the filing of an information.

### DISCUSSION AND DECISION

On appeal, the defendant presents three arguments to support his contention

---

1. Presumably highway patrol headquarters in Jefferson City, although Berry's testimony is unclear.

2. The case originated in Butler County and was transferred to Ripley County on the defendant's motion for a change of venue.

that the trial court lacked jurisdiction to convict him. First he claims an absence of jurisdiction because "the information charging the offense had not been filed with the court."

As the defendant points out, misdemeanors shall be prosecuted by indictment or information. § 545.010, RSMo 1986; Rule 21.01. "The failure to file an information or indictment formally charging a defendant with a crime is a jurisdictional defect, and there can be no conviction obtained or punishment assessed in a case in which such a jurisdictional defect occurs." *Turnage v. State*, 782 S.W.2d 755, 760[3] (Mo.App.1989). The defendant acknowledges that the prosecutor, by signing the bottom of the ticket, converted it to an information. *See, e.g., State ex rel. Westfall v. Clifford*, 617 S.W.2d 102, 103 (Mo.App. 1981). Nevertheless, he argues, the information was not filed because there is no docket sheet entry indicating the filing of the information under the heading "Documents Filed/Action Taken in Case."

■ An information is filed when it is deposited with the clerk of the court. *State v. Havens*, 177 S.W.2d 625, 630[16] (Mo. 1944); *Durley v. State*, 685 S.W.2d 284, 286[3] (Mo.App.1985). The defendant makes no argument the information was not deposited with the clerk. Rather he relies solely on the absence under the heading "Documents Filed/Action Taken in Case" of an entry concerning filing of the information. This argument has no merit. Stamping an information or otherwise marking it "filed" is but evidence of the fact of its having been deposited. *Havens*, 177 S.W.2d at 630[16]; *Durley*, 685 S.W.2d at 286[2]. We believe a handwritten entry on the preprinted docket sheet under the heading "Documents Filed/Action Taken in Case" is of the same nature as a clerk's stamp on the face of a document: it would have been evidence of filing but not the filing itself.

When we look to other portions of the Butler County docket sheet, we find evidence of the filing of the information. In the section "Date Filed" at the top of the form is the date "5/26/92." The "Origin of Case" section indicates the case originated by way of an information.

■ Relying on Rule 21.04(e), which requires, "A complaint must be in writing and shall ... [b]e verified by oath or affirmation of the complainant," the defendant next argues that the information did not invoke the court's jurisdiction because patrol sergeant Berry, according to his own testimony, did not verify his complaint.

A flaw in this argument is its premise that the information was based on a complaint by Berry. It is true that Rule 21.02 permits a prosecutor to file a misdemeanor information based on a verified complaint; however, the rule also permits the prosecutor to base the information on "his own knowledge or information and belief. . . ." Here, the prosecutor signed the information upon his own information and belief. Berry's complaint, verified or not, was surplusage. *Clifford*, 617 S.W.2d at 103.

■ The defendant next contends that the "ticket" issued by Berry was insufficient as an information because it did not state facts constituting the offense as required by Rule 21.04(c). He charges that Berry's "description of the violation does not allege any facts that the Defendant was operating a motor vehicle, or that he was doing so while in an intoxicated or drugged condition, which are required by RSMo 577.010."

■ Not so. The ticket as completed by Berry alleges that the defendant unlawfully operated his motor vehicle, it describes the violation as "intoxicated driving 1st offense," and it advises that the conduct was in violation of RSMo § 577.010, specifically "DWI/ BAC." We do not see how Berry's use of the term "intoxicated driving" could be read to refer to anything other than the defendant's condition. The elements of the offense of driving while intoxicated are twofold: that the defendant operated a motor vehicle and that he did so while in an intoxicated or drugged condition. *See, e.g., State v. Dodson*, 496 S.W.2d 272, 273[1] (Mo.App.1973) (applying § 564.440, RSMo 1969).

■ In *State v. Primm*, 785 S.W.2d 314 (Mo.App.1990), the Eastern District considered an argument similar to the one before us. As the *Primm* court stated, "Defendant

was sufficiently apprised of driving while under the influence of alcohol. Defendant's remedy was to file a bill of particulars. Rule 23.04. He did not. By failing to do so, he waived any right to raise the issue on appeal." 785 S.W.2d 314[3].

We affirm the judgment.

PARRISH, C.J., and MONTGOMERY, J., concur.