**STATE of Missouri, Respondent,**

v.

**Richard Junior McQUEEN, Appellant.**

No. 44554.

Supreme Court of Missouri.

Division No. 1.

Oct. 10, 1955.

J. B. Beavers, Cameron, for appellant.

John M. Dalton, Atty. Gen., W. H. Bates, Sp. Asst. Atty. Gen., for respondent.

HOLMAN, Commissioner.

Defendant (appellant), Richard Junior McQueen, was found guilty of manslaughter, by culpable negligence in the operation of an automobile, and his punishment, assessed by the jury at imprisonment in the county jail for one year. From the ensuing judgment and sentence he has appealed.

Curtis Denny, a child, was killed almost instantly as a result of a head-on collision of the automobile in which he was riding and one driven by defendant. The casualty occurred July 26, 1953, on U. S. Highway 69 near its intersection with Highway "U", a short distance north of Cameron, Missouri.

The first point briefed by defendant is that the circuit court had no jurisdiction to try this cause for the reason that no information charging him with the crime was filed in that court after his waiver of preliminary examination before the magistrate. This prosecution was commenced on October 10, 1953, by the filing of an *information* in the magistrate court of De-Kalb County. On the same day, the defendant was arrested, appeared before the magistrate and waived his preliminary examination, and the transcript of the proceedings was filed in the office of the circuit clerk. The transcript refers to the instrument filed by the prosecuting attorney in magistrate court as an "affidavit" and also as a "complaint," but it is obvious that only one instrument was filed and it was designated as an information and was in the usual form of such instruments. It is also apparent that it was not prepared for filing in the circuit court and filed by mistake in the magistrate court, as it recites that the prosecuting attorney "informs the Magistrate Court of DeKalb County, Missouri, that on or about * * *."

No information was ever filed by the prosecuting attorney in the circuit court. The information upon which defendant was apparently tried was lodged in the office of the circuit clerk by reason of being attached to the transcript which was transmitted to that office by the magistrate clerk and duly filed therein.

██ Under the provisions of the applicable statutes it became the duty of the prosecuting attorney, *after* the instant defendant had waived the right of preliminary examination, to file an information in the circuit court containing the formal accusation against him. Sections 544.250 and 545.240 RSMo 1949, V.A.M.S. The filing of the information was required in order to confer jurisdiction upon the court over the person of the defendant. State v. Barrett, Mo.Sup., 44 S.W.2d 76. "There can be no trial, conviction or punishment for crime without a formal and sufficient accusation. Although defects in an indictment or information may be waived, the complete absence of a formal charge is jurisdictional. State v. McKinley, 341 Mo. 1186, 111 S.W.2d 115; Const. Art. I, Section 17, V.A.M.S.; Section 545.010 RSMo 1949, V.A.M.S." State v. Harrison, Mo. Sup., 276 S.W.2d 222, 224.

██ The State contends that the information attached to the transcript filed with the circuit clerk was a sufficient compliance with the requirement that an information be filed in the circuit court, especially since no objection was made in the trial court concerning the manner of filing the information. Cases cited in support of this contention include State v. McBride, Mo.Sup., 12 S.W.2d 46; State ex rel. McCutchan v. Cooley, 321 Mo. 786, 12 S.W.2d 466; State v. Bowman, Mo.Sup., 12 S.W.2d 51; State v. Cottengim, Mo.Sup., 12 S.W. 2d 53; State v. Taylor, 362 Mo. 676, 243 S.W.2d 301. We have examined these cases and find that they are either not in point or are distinguishable from the instant case upon the facts. It is true that this matter was never called to the attention of the trial court, not even in the motion for new trial. However, if no information was filed, the circuit court was without jurisdiction to proceed and the point can be raised in this court for the first time.

■ We have concluded that no information, upon which the defendant could be tried, was filed in the circuit court as required by Section 545.240. The instrument filed in the magistrate court would likely be considered sufficient for an affidavit or complaint with which to initiate the prosecution there. It could not serve the dual function of a complaint in that court and an information in the circuit court. This alleged information was filed by the prosecuting attorney in the wrong court (for filing a felony information) and at a time when he had no right to file one, i. e., before preliminary examination. The fact that it was thereafter certified to the circuit court would not constitute the filing of an information in that court by the prosecuting attorney as required by law. The situation in the instant case is very similar to that which existed in State v. Madden, 324 Mo. 877, 24 S.W.2d 1003, in which it was held that an alleged information, filed with the justice of the peace and certified to the circuit court with the transcript, was merely an affidavit and not an information upon which defendant could be properly tried.

■ The defendant is not entitled to an outright reversal. He waived his preliminary examination and the cause was promptly certified to the circuit court to await the filing of an information. We will remand the cause so that the prosecuting attorney may file an information and the case may proceed to a final determination.

Defendant also complains of the action of the trial court in excluding certain testimony offered by him. Since the case will likely be retried we deem it advisable to consider this assignment. The court permitted the offer to be made by receiving the testimony of the witnesses outside of the hearing of the jury. J. B. Wilson stated that two minutes after the collision he got in the car with defendant and some boy or man came up and said "that Hudson (the car in which deceased was riding) had passed him down the road and it must have been going 80 miles an hour, * * * he

knew something like that was going to happen." Glen Osborne testified that after helping an injured woman out of a car he and Leland Carter were walking up to a house to call defendant's folks and observed two women standing nearby, one of whom said, "they passed them up the road—she didn't know how fast they were going but they were going like the devil." Leland Carter testified that she said "a car was going down there like hell." Each of these alleged declarants were unidentified.

It is argued by the defendant that the utterances of these persons, who came to the scene soon after the collision, were admissible under the res gestae rule. The only case he cites in support of this contention is State v. Kaiser, 124 Mo. 651, 28 S.W. 182, 186, which obviously involved a much different situation. There a witness was permitted to testify that as he went to the assistance of the deceased, a woman who was standing nearby watching the event, said, " 'Hurry up. They have about killed that man.' " Also, the declarant was identified and testified at the trial.

■ We have concluded that the trial court ruled correctly in excluding the testimony in question. In discussing the admissibility of statements as part of the res gestae this court has said: "Some of the principal limitations upon the application of this exception to the Hearsay rule are that a statement, to be admissible, must neither be mere reflective narration of past events [22 C.J. 467, § 556; 10 R.C.L. 979, § 161; 3 Jones on Evidence, §§ 1198–1200; Woods v. Southern R. Co., Mo.Sup., 73 S.W.2d 374; Leahey v. Cass Ave. & F. G. R. Co., 97 Mo. 165, 10 S.W. 58, 10 Am.St. Rep. 300]; nor an opinion, nor conclusion of fact reached by reasoning from other facts." Sconce v. Jones, 343 Mo. 362, 121 S.W.2d 777, 781, 782. Each of the utterances offered here is not only an opinion or conclusion, but constitutes a narrative of observations made at some undisclosed time preceding the accident. Such are clearly hearsay and come within the scope of the afore-mentioned limitation placed upon the application of the res gestae rule.

State v. Aurentz, Mo.Sup., 263 S.W. 178; Schroeder v. Rawlings, 344 Mo. 630, 127 S.W.2d 678; McComb v. Vaughn, 358 Mo. 951, 218 S.W.2d 548; Blackburn v. Ready-Mixed Concrete Co., Mo.App., 188 S.W.2d 526; 32 C.J.S., Evidence, § 420. It is further suggested in the respondent's brief that, for various reasons, these statements would not have been admissible even if the alleged declarants had been present in court and offered direct testimony to that effect. Since we have already ruled that the statements were properly excluded, we need not consider the merit of this point.

The cause is reversed and remanded.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.