Jeff TURNAGE, Movant–Respondent,

v.

STATE of Missouri,
Respondent–Appellant.

No. 16015.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 5, 1989.

Motion for Rehearing or To Transfer to
the Supreme Court Denied
Dec. 26, 1989.

Application to Transfer Denied
Feb. 13, 1990.

Susan L. Hogan, Columbia, for movant-respondent.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent-appellant.

GREENE, Judge.

The State of Missouri appeals from a judgment of the motion court,[1] which vacated two life imprisonment sentences, two fifteen-year sentences, and one two-year sentence which were assessed by the trial court after Turnage was jury-convicted of the crimes of rape, attempted rape or sodomy, two charges of first degree burglary, and a charge of felony stealing.

The criminal charges originated in Pemiscot County and came to Scott County after a change of venue was granted, where they were consolidated and assigned Case No. CR386–2F. No appeal was taken from the convictions. However, after he was incarcerated, Turnage filed a pro se motion to vacate his convictions in which he alleged, among other things not relevant here, that neither the trial judge nor his trial lawyer advised Turnage of his right to appeal his convictions and, therefore, he was deprived of due process of law. The prosecuting attorney filed a motion to dismiss the motion to vacate without an evidentiary hearing because "Movant's Motion and the entire file and records of this case show that there is no genuine issue as to any material fact.... That the records and files of this case conclusively refute all allegations contained in Movant's motion."

Judge Heckemeyer was disqualified by Turnage, and Judge Seier, as the successor motion court judge, was assigned to the case. Counsel was appointed to represent Turnage, who was an indigent, and an amended motion to vacate was filed. It alleged, in addition to the fact that Turnage was not advised of his right to appeal, that no informations had ever been filed in Count III (first degree burglary), Count IV (felony stealing), and Count V, (rape) of the consolidated charges and that the sentences on those counts, in addition to being subject to being vacated because Turnage was not advised that he had a right to appeal those convictions, should also be vacated because no informations had ever been filed charging Turnage with the crimes in question. No response was filed to the amended motion prior to September 27, 1988, when the motion court, after perusing the files and records of the cases, made findings of fact and conclusions of law, and entered judgment vacating all five sentences. Because of the highly unusual facts of this case, the findings, conclusions, and judgment are recited in full as follows:

### FINDINGS OF FACT

After a Change of Venue from Pemiscot County, Plaintiff was convicted in CR386–2F of five counts which resulted from the consolidation of CR386–2F, burglary, first degree; CR386–1F, attempted rape or sodomy; and C386–6F, burglary, first degree, stealing, and rape. The counts were renumbered one through five respectively.

With respect to Counts I and II, burglary first degree and attempted rape or sodomy, plaintiff claims error by the trial court and ineffectiveness by his counsel which caused him to involuntarily waive his right to appeal these convictions.

The record shows that nine months after trial the following occurred: Trial counsel filed a Motion to Withdraw,

---

1. The trial judge in this case was Judge Anthony J. Heckemeyer of the 33rd Judicial Circuit of Missouri. The motion court judge was Judge A.J. Seier of the 32nd Judicial Circuit who was assigned to the case after Judge Heckemeyer was disqualified.

Plaintiff filed a 'Motion for Appointment of Counsel,' 'Motion for Court to Order the Complete Record of Appeal Transcript Produce [sic] at No Cost to the Appellant–Defendant,' 'Notice of Appeal Filed Late Out of Time,' and other documents clearly indicating that Plaintiff was attempting to appeal pro se and asking for the assistance of counsel.

The court granted leave for trial counsel to withdraw. No action was taken, however, on plaintiff's pro se request for counsel and other motions. Apparently, the clerk's office placed the motions in the court file without ever file stamping them or recording them on the docket sheet.

Under the above circumstances, the record certainly does not refute plaintiff's claim that he did not voluntarily waive his right to appeal. In fact, the record shows that plaintiff did try to pursue an appeal but was abandoned by both his counsel and the court. (Although the same facts apply to Counts III, IV, and V they will be dealt with separately below.)

Now this court considers Counts III, IV, and V. These counts originated in Pemiscot County as Counts I, II, and III, respectively, in CR586–21FX. After a change of venue to Scott County, they became CR386–6F. Subsequently, this case was consolidated with others and became part of CR386–2F.

The Court files CR386–6F and CR386–2F do not contain an information or indictment for these counts, nor do the docket sheets reflect that an Information was ever filed for these counts.

## CONCLUSIONS OF LAW

Plaintiff claims he involuntarily lost his right to appeal through his counsel's ineffectiveness. In similar situations our Supreme Court has authorized the use of the former Rule 27.26 to seek relief from an involuntarily waived appeal. The accepted procedure is to grant the Motion To Vacate the Sentences and remand the case to the trial court for resentencing. Then the time for appealing can run from the date of resentencing. See *State v. Frey*, 441 S.W.2d 11 (Mo.1969) and *Morris v. State*, 603 S.W.2d 938 (Mo. banc 1980).

Based on the records in this case, it is appropriate to find that Plaintiff did involuntarily give up his right to appeal and is entitled to relief.

With respect to Counts III, IV, and V, Criminal proceedings must begin with the filing of an information or indictment. Without a valid information or indictment there is no jurisdiction to proceed to trial or to sentence. If the sufficiency of an information can be raised by a collateral attack, it follows that the lack of an Information can likewise be challenged through a Rule 29.15 Motion. See *State v. Hasler*, 449 S.W.2d 881 (Mo. App.1970); *State v. McQueen*, 282 S.W.2d 539 (Mo.1955); Mo.Rev.Stat. Section 545.010 (1986); Mo. Const. Art. I, Section 17.

There was no jurisdiction to convict and sentence plaintiff on Counts III, IV, and V because no information or indictment was ever filed.

## JUDGMENT

In view of the foregoing Findings of Fact and Conclusions of Law this Court orders that Plaintiff's convictions in CR386–2F Counts I and II be vacated and the case be remanded to the trial court for resentencing. Plaintiff may then take the steps necessary to have his appeal. This Court further orders that Plaintiff's convictions in CR386–2F Counts III, IV, and V be reversed and remanded to the trial court for proceedings not inconsistent with this decision.

Dated this *27th* day of *September*, 1988.

/s/ A. J. Seier
SPECIAL JUDGE

The State does not contest the findings, conclusions, and judgment of the motion court regarding Count I, burglary first degree, and Count II, attempted rape or sodomy, but appeals from the findings, conclusions, and judgment regarding Count III, burglary first degree, Count IV, felony

stealing, and Count V, rape. In its sole point relied on in its brief, the State alleges:

The motion court clearly erred in vacating three of respondent's convictions without an evidentiary hearing because the motion court's ruling was in direct violation of Rule 29.15(g) in that a request for an evidentiary hearing was timely filed and respondent's allegations of error were not conclusively refuted by the record.

■ Appellate review of the motion court's decision is limited to a determination of whether its findings of fact, conclusions of law, and judgment are clearly erroneous, and the burden is on the party contesting the correctness of those findings, conclusions, and judgment to show that they are clearly erroneous. *Speedy v. State*, 611 S.W.2d 253, 254 (Mo.App.1980).

At oral argument of this cause, we noted that the record did not contain the files and records that Judge Seier had before him, and on which he based his findings, conclusions, and judgment. The State had the burden of filing, within 90 days of the filing of the notice of appeal (Rule 81.18), which date was November 3, 1988, all of the record, proceedings and evidence necessary to the determination of all questions presented to this court for decision. Rule 81.12(a). On our own motion, we extended the date for filing such record until October 25, 1989. On October 24, 1989, the State filed what it represented to be the entire record in this case, as was certified by the clerk of the circuit court of Scott County on October 20, 1989. We have carefully examined all of those files and the record.

The only documents in the files and record furnished us charging Turnage with any crime whatsoever are one felony complaint and one information. The felony complaint was filed in the circuit court of Pemiscot County, Division II, on July 26, 1985, in Case No. CR585–204F. The felony complaint reads as follows:

The Prosecuting Attorney of the County of Pemiscot, State of Missouri, charges that the defendant, in violation of Section 569.160, RSMo., committed the Class B felony of burglary in the first degree, punishable upon conviction under Sections 558.011.1(2) and 560.011, RSMo., in that on or about June 26, 1985, in the County of Pemiscot, State of Missouri, the defendant knowingly entered unlawfully in an inhabitable structure, located in the City of Caruthersville, County of Pemiscot, State of Missouri, and owned by Melinda Lee, for the purpose of committing an assault, or stealing, or indecent exposure or rape therein, and while in such inhabitable structure there were present in such inhabitable structure Melinda Lee, Linda Lee and Ginger Lee, persons who were not a participant in the crime....

The Pemiscot County docket sheet for this case does not even show that the felony complaint was filed, but it evidently was, as a docket entry dated 7/25/85 states:

State by Assistant PA; dft. in person and with counsel, John Nichols, both sides announce ready for hearing; Prosecutor asks leave to amend Complaint as to date; leave granted; preliminary held; probable cause found; dft. BOCC Div I to appear August 6, 1985. Dft., being unable to produce bond, is returned to Pemiscot County Jail to await further action of the Court.

The information charging Turnage with burglary in the first degree in Case No. CR585–204FX, was filed on August 6, 1985, in Division One of the Pemiscot County Circuit Court. The information reads as follows:

The Prosecuting Attorney of the County of Pemiscot, State of Missouri, charges that the defendant in violation of Section 569.160, RSMo., committed the Class B felony of burglary in the first degree punishable upon conviction under Sections 558.011.1(2) and 560.011, RSMo., in that on or about June 26, 1985, in the County of Pemiscot, State of Missouri, the defendant knowingly entered unlawfully in an inhabitable structure, located in the City of Caruthersville, County of Pemiscot, State of Missouri, and owned by Melinda Lee, for the purpose of com-

mitting an assault, or stealing, or indecent exposure or rape therein, and while in such inhabitable structure there were present in such inhabitable structure Melinda Lee, Linda Lee and Ginger Lee, persons who were not a participant in the crime; contrary for the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Missouri.

Following the filing of the information, Turnage requested a change of venue and change of judge. Although the request to the Supreme Court of Missouri for assignment of a special judge recited there were two cases in which Turnage was charged, one being the first degree burglary just mentioned, which is Case No. CR585–204FX, and the other CR585–206FX, attempted rape or sodomy, there is no record that shows any felony complaint or information charging Turnage with attempted rape or sodomy in Case No. CR585–206FX were ever filed, or, for that matter, was filed under any other case number. There is no Pemiscot County Circuit Court docket sheet concerning Case No. CR585–206FX, attempted rape or sodomy. The Pemiscot County docket sheet, in its final entry dated January 29, 1986, states: "It is ordered that a change of venue be granted and that the case be transferred to the Circuit Court of Scott County, Missouri. (See Prepared Order)" The order, dated January 24, 1986, and signed by the successor Pemiscot Circuit Judge, refers only to Case No. CR585–204FX, which was the first degree burglary case, and orders a change of venue in "the case," not *cases*, to Scott County. There is no further Pemiscot County docket entry.

The Scott County docket sheet, under entry of 2/3/86, states as follows: "Complete file received from the Pemiscot County Circuit Court and filed in Scott County along with the Docket Sheet." At the top of the docket sheet appears the notation "Change of venue from Pemiscot County # CR585–20FX." The docket sheets show the new number assigned to the case, which is CR386–2F. Although Scott County docket sheet entry dated July 7, 1986, shows Case No. CR386–2F was consolidated with Cases No. CR386–1F and CR386–6F, and given the consolidated case number of CR386–2F, there is nothing on the docket sheet to indicate what cases CR386–1F and CR386–6F were. There are no felony complaints or informations concerning criminal charges against Turnage in either Case No. CR386–1F or Case No. CR386–6F in the files and record submitted to us from either Scott or Pemiscot County, and there is nothing on the docket sheets to show that felony complaints and informations were ever filed in those cases.[2] According to the files and record furnished us, the only case on which Turnage was tried, convicted, and sentenced, in which an information had been filed, was the first degree burglary charge previously referred to, which is designated in the Scott County record and in the briefs as Count I. Nevertheless, Turnage was tried, convicted, and sentenced on all five charges.

■ In regard to Counts I and II, the motion court found that after conviction, Turnage was not advised of his right to appeal, either by his trial counsel or by the trial judge, and that his pro se efforts to perfect his appeal were ignored by the trial court, and vacated his conviction and sentence for that reason and remanded the case to the trial court for resentencing on those counts (first degree burglary and attempted rape or sodomy), so that Turnage, if he chose, could appeal from that conviction. These findings, conclusions, and judgment as to Counts I and II are supported by the record, are not contested, and are not clearly erroneous.

We next address the issues raised by the fact that there is nothing in the record to show that informations were ever filed

---

**2.** On November 7, 1988, which date is four days after the State filed its notice of appeal in this case, the Pemiscot County prosecutor, in what appears to be an effort to salvage something from this procedural debacle, filed with the circuit clerk of Scott County, in Case No. CR586–2F what the prosecutor terms a three-count information charging that Turnage on July 12, 1985, committed the crimes of first degree burglary, felony stealing, and rape. This document, of course, has no legal efficacy, and does not merit consideration by any court.

charging Turnage with attempted rape or sodomy (Count II), first degree burglary (Count III), felony stealing (Count IV), and rape (Count V), on which counts Turnage was tried and received two life sentences and additional prison sentences totaling 17 years.

■ The failure to file an information or indictment formally charging a defendant with a crime is a jurisdictional defect, and there can be no conviction obtained or punishment assessed in a case in which such a jurisdictional defect occurs. *State v. McQueen*, 282 S.W.2d 539, 540 (Mo. 1955); *Gawne v. State*, 729 S.W.2d 497, 501 (Mo.App.1987); *State v. Hasler*, 449 S.W.2d 881, 884 (Mo.App.1969). The motion court so concluded, and such conclusion was correct. The motion court was correct in reversing Turnage's convictions on Counts III, IV, and V and remanding those cases to the Scott County Circuit Court for proceedings consistent with the motion court's findings and conclusions. However, the motion court should have also vacated the conviction and sentence on Count II (attempted rape or sodomy) for the same reason that it vacated the convictions and sentences on Counts III, IV, and V, which was the failure to file informations charging Turnage with those crimes. The findings, conclusions, and judgment of the motion court regarding Counts III, IV, and V are supported by the record and are not clearly erroneous. However, the findings of fact and conclusions of law should also have included a finding that the court files and record do not contain an information or docket sheet for Count II, and that the docket sheet does not reflect that an information was ever filed for that count. The motion court's conclusions of law should have been so as to apply to Count II, as well as to Counts III, IV, and V on the failure to file an information issue. The judgment of the motion court should read, "In view of the foregoing findings of fact and conclusions of law, this court orders that movant's conviction in CR386-2F Count I be vacated and the case be remanded to the trial court for sentencing. Movant may then take the steps necessary to have his appeal. This court further orders that plaintiff's convictions in CR386-2F, Counts II, III, IV, and V be reversed and remanded to the trial court for proceedings not inconsistent with this decision."

■ The State does not attempt to claim that the motion court's findings and conclusions were erroneous, based on the record the motion court had before it, but confines its argument to a claim that the mere fact that an information is not found in the court file does not conclusively show that it was not filed, and if an evidentiary hearing had been held, the State may have been able to prove that informations had, in fact, been filed in the cases at issue.

No cases are cited in support of this argument, and it is easy to understand why. It is well settled that courts speak only through their records. *State ex rel. Nassau v. Kohn*, 731 S.W.2d 840, 843 (Mo. banc 1987). The motion court would have acted erroneously had it considered oral testimony that would have contradicted the court's own records, and which, in effect, would have supplied jurisdictional documents by oral testimony to flesh out the claim being made by the State. To do so would make a mockery of an orderly system of justice where accurate written records of court proceedings are the cornerstone of our judicial system. If the records of the Pemiscot and Scott County Circuit Courts do not contain all of the records and documents that they should, that certainly is not the fault of the motion court, or of this court, both of which requested and received what is purported to be the complete record in this case. It is the duty of judges of courts of record to require that its records and files be properly maintained and entries made at the proper time as required by law and that the clerks of the court perform their duties according to law. *See* § 483.140. It is the duty of the court clerks to keep such records of the courts and in such a manner as may be directed by Supreme Court rule so that they shall accurately record all essential matters relating to the causes and matters within the jurisdiction of the court. § 483.082.1. Those duties were not performed in this case. Why they were not

has not been explained in either the record or the briefs filed here. It suffices to say that absent the jurisdictional requirement of the filing of informations charging Turnage with the crimes specified by the motion court and the record as Counts II, III, IV and V, the trial court had no jurisdiction to try and sentence Turnage on those charges, and that its attempt to do so is a judicial nullity which entitles Turnage to relief on his motion to vacate. While it is regretable that further action must be taken in this case, the blame for that rests on those who created the problem.

 We recognize that the jurisdictional defect that we have pointed out in this opinion regarding no information being filed in Count II was not recognized by the motion court, or by the parties in their briefs on appeal. While allegations of error that are not briefed, or not properly briefed on appeal are not ordinarily considered by the appellate court, that rule of law does not apply to errors in cases respecting the sufficiency of informations or indictments, verdict, judgment or sentence. Rule 30.20. It is our duty to determine, sua sponte, the sufficiency of an information, whether the point is raised on appeal or not, *State v. Powell*, 717 S.W.2d 548, 548–549 (Mo.App.1986), *State v. Eckard*, 655 S.W.2d 596, 597 (Mo.App.1983), as that issue is jurisdictional. Criminal proceedings must commence with the filing of an information or indictment, and without a valid information or indictment there is no jurisdiction to proceed to trial or sentence. Such issue may be raised in a collateral attack through a motion for postconviction relief. *See State v. Hasler, supra,* 449 S.W.2d at 884; § 545.010 RSMo 1986; Mo. Const. art. I, § 19.

Since there is nothing in the record to show that an information was ever filed charging Turnage with attempted rape or sodomy (Count II), that conviction, as is the case with Counts III (burglary), IV (stealing), and V (rape) cannot stand. Accordingly we enter such judgment as the motion court should have entered. Rule 84.-14. That judgment is as follows:

Movant's conviction in CR386–2F (Count I) is ordered vacated and that count is remanded to the trial court for resentencing. Movant may then take such steps as he deems necessary to appeal from that conviction and sentence. Movant's convictions in CR386–2F, Counts II, III, IV and V are reversed. The entire cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

CROW, P.J., and LONG Special Judge, concur.