Andre TOLEN, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. 69617.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 26, 1996.

Dave Hemingway, Asst. Public Defender, St. Louis, for movant/appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Becky Owenson Kilpatrick, Assistant Attorney General, Jefferson City, for respondent/respondent.

REINHARD, Judge.

Movant appeals the denial, without an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. We affirm in part and remand in part.

On March 15, 1995, movant pled guilty to one count of first degree robbery, § 569.020, RSMo 1986, one count of first degree assault, § 565.050, RSMo 1986, and two counts of armed criminal action, § 571.015, RSMo 1986, in cause number 941–2915; one count of possession of a controlled substance, § 195.202, RSMo Supp.1993, in cause number 941–1041; and one count of sale of a controlled substance, § 195.211, RSMo 1994, and one count of possession of a controlled substance, § 195.202, RSMo 1994, in cause number 951–920.

The prosecutor stated that if cause number 941–2915 had gone to trial, the evidence would have shown that on July 29, 1994, movant displayed a deadly weapon, forcibly stole a wallet from Larry Barnes, and then shot him. For cause number 941–1041, the prosecutor asserted that on April 1, 1994, movant possessed heroin. For cause number 951–920, the prosecutor stated that on February 21, 1995, movant sold cocaine base to an undercover detective and possessed additional crack cocaine. Movant agreed with the recitation of facts.

The court sentenced movant in accordance with plea agreement to concurrent prison terms of fifteen years on each of the four counts in cause number 941–2915, three years for possession in cause number 941–1041, and fifteen years for sale and seven years for possession in cause number 951–920.

■■■■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Vernor v. State,* 894 S.W.2d 209, 210 (Mo.App. E.D.1995). Such findings and conclusions are clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Vernor,* 894 S.W.2d at 210. In order to be entitled to an evidentiary hearing, movant must cite facts, not conclusions, which, if true, would entitle him to relief; the factual allegations must not be refuted by the record; and the matters complained of must prejudice movant. *Id.* When a movant pleads guilty, claims of ineffective assistance of counsel are only relevant as they affect the voluntariness and understanding with which the plea was made. *Van Ralston v. State,* 824 S.W.2d 75, 78 (Mo.App.1991).

In his first point on appeal, movant alleges the court lacked jurisdiction to accept movant's guilty plea in cause number 951–920 because the state had not filed an information or indictment for that case when he pled guilty.

■■■ A court is without jurisdiction to accept a guilty plea unless an information or indictment charging the offense pled is on file. *State v. Robertson,* 764 S.W.2d 483, 485 (Mo.App.1989). A movant cannot waive such lack of subject matter jurisdiction. *State v. Gladies,* 456 S.W.2d 23, 25 (Mo.1970).[1]

■■■ At the plea hearing, plea counsel Wegner and movant signed the following statement:

[Movant] hereby waives his right to arraignment in the above [styled] cause and all rights that attach to said charges. [Movant] has [pled] guilty to these charges and waives these rights.... *Cause was filed with the court* with a cause number to [be] assigned shortly. [Movant] waives any objection to the court accepting the plea without the file or court cause number assigned. (Emphasis added).

This document and statements made by the attorneys and the court during the guilty

---

1. We recognize jurisdiction is not dependent upon the sufficiency of the indictment or information. *See State v. Parkhurst,* 845 S.W.2d 31, 34–35 (Mo. banc 1992). The issue before us, however, is the existence, rather than the sufficiency, of the information.

plea hearing refute movant's contention that the information was filed after the guilty plea. Movant's point is without merit.

■ Movant next contends the court lacked jurisdiction to accept movant's guilty plea to possession of heroin in cause number 941–1041 because the charge had previously been dismissed for lack of probable cause following a preliminary hearing. Movant concedes this issue was not presented to the motion court and must be reviewed for plain error.

Cause number 941–1041 originally contained two counts of possession of a controlled substance. The first count involved the possession of cocaine, and the second, heroin. The docket sheet entry for April 28, 1994 states that for Count I, "preliminary hearing held, [movant] bound over, information filed," and for Count II, "preliminary hearing held, no probable cause found." The record on appeal also contains an order stating that for "CT II only[.] PRELIMINARY EXAMINATION CONDUCTED. EVIDENCE ADDUCED. ACCUSED DISCHARGED." The information contained in the legal file contains both counts, but Count II is crossed out, conforming with the indication on the docket sheet that no information was filed for Count II.

Movant pled guilty to Count II—heroin, rather than Count I—cocaine, at the guilty plea hearing, and the transcript reveals the attorneys and the court mistakenly believed that Count II, rather than Count I, was pending:

> [PLEA COUNSEL] WEGNER: ... [Movant] has authorized me to withdraw the former plea of not guilty and enter a plea of guilty to the charge of Illegal Possession of Controlled Substance of Heroin which is Count Two in this cause and Count One was dismissed at earlier proceedings.

When asked to recite the factual basis for the plea, the prosecutor stated:

> [W]ith regard to Count Two, the only count left in the information, [movant] ...

possessed heroin, a controlled substance and at the time he knew of its presence and illegal nature.

The sentence and judgment for cause number 941–1041 designates the sentence for "Count II" and states that "Count I [was] dismissed in this cause."

At the time movant entered his plea, no information had been filed for Count II, possession of heroin. Thus, the court had no jurisdiction to accept movant's plea to that charge. *See Robertson,* 764 S.W.2d at 485.

■ The state argues the confusion of the two counts caused no manifest injustice because movant had been charged with possession of a controlled substance (cocaine), and he pled guilty to possession of a controlled substance (heroin). We disagree. Conviction of a crime for which no charge has been made certainly rises to the level of plain error. *State v. Shipley,* 920 S.W.2d 120, 123 (Mo.App. E.D.1996). Moreover, movant conceivably still faces disposition of Count I, possession of cocaine. Accordingly, the judgment and sentence for possession of a controlled substance, heroin, must be vacated, and the cause must be remanded for further proceedings in accordance with this opinion.

■ Finally, movant contends he was entitled to post-conviction relief because his attorneys rendered his plea involuntary by failing to pursue witnesses to prove he did not rob or assault Larry Barnes as alleged in cause number 941–2915.[2]

At the guilty plea hearing, movant admitted that he committed the robbery and assault. Movant also testified that he was not threatened or forced to plead guilty or promised anything in return for his plea. He stated that he understood his rights, the effect of his waiver of those rights, and the consequences of his guilty plea. He asserted that he was satisfied with plea counsel, and stated he understood that he "would be able to subpoena witnesses here to testify on [his] behalf." *See Eberspacher v. State,* 915

---

2. Because we vacate movant's sentence in cause number 941–1041, we do not address his contention that plea counsel failed to pursue witnesses to testify he "did not possess the drugs." However, we note the analysis for this claim would be the same as the reasoning for movant's similar claim for cause number 941–2915.

S.W.2d 384, 386–87 (Mo.App. W.D.1996). He specifically stated plea counsel had not failed to investigate any witnesses or evidence on his behalf.

The motion court ruled that movant's plea was voluntary. At no time during the plea hearing did movant contend that his plea was anything but voluntary. Movant does not assert that his attorney told him to lie at the plea hearing, and he assured the plea court that he had not been told to answer the court's questions other than truthfully. *See Pines v. State*, 778 S.W.2d 724, 726 (Mo.App.1989). Where, as here, the guilty plea is both counselled and voluntary, claims of failure to investigate factual issues are "subsumed and rendered moot by [the] guilty plea." *Hagan v. State*, 836 S.W.2d 459, 464 (Mo. banc 1992). *See also Melton v. State*, 927 S.W.2d 391 (Mo.App. E.D.1996). The motion court did not clearly err in denying this claim without an evidentiary hearing.

Affirmed in part; remanded in part.

DOWD, P.J., and GARY M. GAERTNER, J., concur.