**Randall JOHNSON, Plaintiff–Appellant,**

v.

**STATE of Missouri, Defendant–Respondent.**

No. 72576.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 10, 1998.

Nancy L. Vincent, Asst. Public Defenders, St. Louis, for plaintiff-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

ROBERT G. DOWD, Jr., Presiding Judge.

Randall Johnson appeals from the denial, without an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. Johnson contends the motion court clearly erred in: (1) finding that his plea of guilty was valid because the court failed to personally address him in open court as is required by Rule 24.02(b); (2) imposing a sentence on Johnson in excess of that allowed by law; and (3) finding plea counsel was not ineffective. We affirm in part and reverse and remand in part.

Johnson was charged by information with one count of forcible rape, Section 566.030 RSMo 1994 [1]; two counts of forcible sodomy, Section 566.060; one count of felonious restraint, Section 565.120; one count of tampering, first degree, Section 569.080.1(2); and one count of stealing, Section 570.030. Johnson entered pleas of guilty to the count of forcible rape, both counts of forcible sodomy, and the count of felonious restraint. Pursuant to a plea agreement, the counts of

---

1. All statutory references will be to RSMo 1994 unless otherwise noted.

tampering, first degree, and stealing were dismissed. Johnson filed *pro se* motions for post-conviction relief pursuant to Rule 24.035. A timely, amended motion was later filed by Johnson's counsel. The circuit court denied Johnson's motion without an evidentiary hearing. This appeal followed.

■ Our review of the court's denial of Johnson's motion for post-conviction relief is limited to determining whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Jackson v. State*, 948 S.W.2d 271 (Mo.App. E.D.1997) (*citing* Rule 24.035). We will find such findings and conclusions clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Id.* A movant is entitled to an evidentiary hearing by alleging facts, not conclusions, which, if true, entitle him to relief. *Tolen v. State*, 934 S.W.2d 639, 641 (Mo.App. E.D.1996). These factual allegations must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant. *Id.*

■ We will address Johnson's second point on appeal first. Johnson asserts the trial court clearly erred in denying his motion for post-conviction relief without an evidentiary hearing because the trial court imposed a sentence on him in excess of that allowed by law by sentencing him as a prior offender. Johnson complains that State's Exhibit 2, a certified and authenticated copy of a conviction entered against Johnson for the unauthorized use of a motor vehicle in the 97th Judicial District Court of the State of Texas in 1977, fails to demonstrate that his plea of guilty was counseled.

■ "A properly certified copy of a judgment of conviction is admissible evidence of that conviction." *State v. Wilson*, 684 S.W.2d 544, 546 (Mo.App. S.D.1984) (*citing State v. Worsham*, 416 S.W.2d 940 (Mo.1967)). Exhibit 2 states: "the Defendant, Randall Lee Johnson, having been duly arraigned, appeared in person, in open court, his counsel also being present, ... entered his plea of guilty." Therefore, the record before us directly refutes Johnson's claim that his plea was uncounseled. *See State v. Givens*, 851 S.W.2d 754, 760 (Mo.App. E.D.1993). Without evidence in the record to contradict this, the use of his prior conviction to enhance Johnson's sentence was sufficiently supported. We also note Johnson failed to object when the State offered Exhibit 2 as evidence of his prior conviction. Point denied.

■ In his first point on appeal, Johnson asserts the motion court clearly erred in denying his motion for post-conviction relief without an evidentiary hearing because the court failed to personally address him in open court pursuant to Rule 24.02. In denying Johnson's motion without an evidentiary hearing, the circuit court concluded: "The Court was satisfied that the movant made a knowing, intelligent and voluntary waiver any [sic] of his rights to be personally addressed by the court." We disagree.

Before accepting a defendant's guilty plea, Rule 24.02(b)[2] requires the court to " 'address the defendant personally in open court, and inform him of, and determine that he understands,' the specific information enumerated in the rule." *State v. Taylor*, 929 S.W.2d 209, 216 (Mo.1996) *cert. denied* ——

---

2. Rule 24.02(b) states:
(b) Advice to Defendant .... before accepting a plea of guilty, *the court must address the defendant personally in open court, and inform him of, and determine that he understands,* the following:
1. The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and
2. If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceedings against him and, if necessary, one will be appointed to represent him; and

3. That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and
4. That if he pleads guilty there will not be a further trial of any kind, so that by pleading guilty he waives the right to a trial.
(Emphasis ours).

U.S. ——, 117 S.Ct. 1088, 137 L.Ed.2d 222 (1997). Rule 24.02(c) [3] has a similar requirement to assure the court the plea is voluntary. *Id.*

■ Rule 24.02 does not mandate a strict procedure or ritual that a court must follow before accepting a defendant's guilty plea. *Steinle v. State,* 861 S.W.2d 141, 143 (Mo. App. W.D.1993). However, "[b]ecause the defendant is waiving well established rights and subjecting himself to penalty, the record must reflect that the defendant understood the consequences of his plea and consciously waived the rights articulated by the rule." *Id.*

Quoting *State v. Taylor,* 929 S.W.2d 209 (Mo.1996), the State argues that the motion court "'saw to it that defendant was informed of all the advice required by Rule 24.02 and more.'" We disagree. In *Taylor,* our Supreme Court held that the court's failure to use its own voice to admonish the defendant did not violate Rule 24.02. *Taylor,* 929 S.W.2d at 216. Upon review of the plea hearing transcript, the Court found that although the defense and prosecuting attorneys questioned Taylor on the required advice of Rule 24.02, Taylor had answered more than 300 questions in detail, and the court had been an active participant in this questioning, interrupting "to correct or elaborate as needed." *Id.* The *Taylor* Court distinguished its facts from those in *Dean v. State* in which our western district found the court failed to address the defendant personally in open court as required by Rule 24.02 by relying on the defendant's representation that he and his attorney had gone over defendant's "Petition to Enter Plea of Guilty," a pre-printed form which purported to inform defendant of the matters enumerated in the rule. *Dean v. State,* 901 S.W.2d 323, 327 (Mo.App. W.D.1995).

The record before us is almost identical to the facts in *Dean.* At Johnson's plea hearing,

a similar petition was used and the following exchange ensued:

\* \* \*

COURT: Before I accept your plea of guilty to these charges, I will need to determine whether your plea is entered intelligently, voluntarily on your part, with understanding of the nature of the charges. To make those determinations I will want to ask you certain questions under oath. Do you have any objection to being sworn and so testifying?
JOHNSON: No, sir.

\* \* \*

COURT: Mr. Johnson, I have this petition to enter a plea of guilty consisting of eleven pages, all of which appear to bear your signature. Did you sign each page of this document?
JOHNSON: Yes, sir.

\* \* \*

COURT: You have obtained your GED, and I take it you do know how to read?
JOHNSON: Yes, sir.
COURT: Did you read over this petition before you signed it?
JOHNSON: Yes, sir.
COURT: Did you also have ample opportunity to go over it with your attorney?
JOHNSON: Yes, sir.
COURT: And did you understand it?
JOHNSON: Yes, sir.
COURT: Do you have any questions about it now?
JOHNSON: No, sir.
COURT: Are all of the statements which you made in this petition true and correct?
JOHNSON: Yes, sir.
COURT: I am going to ask [plea counsel] to show you specifically Pages 7, 8 and 9

**3.** Rule 24.02(c) provides:
(c) Insuring That the Plea is Voluntary .... the court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty results from prior discussions between the prosecuting attorney and the defendant or his attorney.

which contain paragraph 30 with subparagraphs (a) through (n). Mr. Johnson, do you have those before you now?

JOHNSON: Yes, sir.

COURT: Those paragraphs basically set forth certain of your rights, and you state that you understand those rights; is that correct?

JOHNSON: Yes, sir.

COURT: And are those matters which you read previously and which you went over with your attorney?

JOHNSON: Yes, sir.

COURT: Do I need to re-read those to you at this time?

JOHNSON: No, sir.

COURT: Are you telling me here now under oath with those before you that you do understand each and every one of those rights?

JOHNSON: Yes, sir.

Upon review of the transcript of the guilty plea hearing, we find the court failed to inform Johnson of the advice enumerated in and mandated by Rule 24.02. Neither the judge, prosecuting attorney, nor Johnson's attorney addressed him personally, informed or questioned him about the matters required by Rule 24.02. Instead, the court relied entirely on the Petition to Enter a Plea of Guilty to satisfy the requirements of Rule 24.02. While such a document may be used to supplement the court's personal admonishment to the defendant, it may not be the sole mechanism for determining whether a defendant's guilty plea is an informed decision. Therefore, we must remand this issue for an evidentiary hearing to determine whether the plea hearing court's failure to follow Rule 24.02 rendered Johnson's plea involuntary or unintelligent.

Finally, in his third point on appeal, Johnson alleges his plea was involuntary and unintelligent because of ineffective counsel. Johnson claims his plea counsel told him that if he pled guilty, he would have to serve only four or five years before he would be eligible for parole. Johnson argues that he relied on this misinformation and had he known he would have to serve more than four or five years, he would have refused to plead guilty.

"Ineffective assistance of counsel is only material to the extent it bore upon the voluntariness of the plea." *Torrence v. State*, 861 S.W.2d 149, 150 (Mo.App. E.D.1993). "To prevail on a claim of ineffective assistance of counsel, appellant must show there is reasonable probability, that but for counsel's unprofessional errors, appellant would not have pled guilty and would have insisted on going to trial." *Id.* "When a movant claims his plea was involuntary because he was misled by counsel, the test is whether movant's belief was reasonable." *Id.*

In his motion for post-conviction relief, Johnson pleaded: "[Defense counsel] informed [Johnson] that if he ... accepted the state's plea offer, he would only have to serve four to five years before parole eligibility." The paucity of the record before us, in part due to the court's sole reliance on the guilty plea petition, fails to refute Johnson's allegations. Therefore, we remand this issue for an evidentiary hearing.

Accordingly, we deny Johnson's point two; and reverse and remand for an evidentiary hearing on Johnson's points one and three.

SIMON and HOFF, JJ., concur.