**Christopher SADLER, Movant/Appellant,**

v.

**STATE of Missouri, Respondent/Respondent.**

No. 72714.

Missouri Court of Appeals, Eastern District, Division Two.

March 17, 1998.

Susan K. Eckles, Asst. Public Defender, St. Louis, for movant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Angel M. Woodruff, Asst. Atty. Gen., Jefferson City, for respondent/respondent.

JAMES R. DOWD, Judge.

Christopher Sadler appeals from the denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Sadler claims that the motion court erred in denying his motion because: (1) his counsel was ineffective in failing to advise him that he would have to serve a minimum of 85% of his sentence before being eligible for parole; and (2) the plea court did not address him personally in open court as required by Rule 24.02. We agree with the second contention and reverse and remand for an evidentiary hearing.

Sadler was charged by information in three felony cases in the Circuit Court of St. Charles County. In Cause No. CR195–410FX, Sadler was charged with attempted first degree robbery, section 564.011 RSMo; * three counts of armed criminal action, section 571.015 RSMo; and two counts of first degree robbery, section 569.020 RSMo. In Cause No. 195–1762FX, Sadler was charged with first degree robbery, section 569.020 RSMo, and armed criminal action, section 571.015 RSMo. In Cause No. CR195–325FX, Sadler was charged with second degree burglary, section 569.170 RSMo, and stealing, section 570.030 RSMo. Sadler entered pleas of guilty to all counts, and was sentenced to concurrent terms of imprisonment totaling nineteen years on all counts. On October 7, 1996, Sadler filed a timely *pro se* motion for post-conviction relief pursuant to Rule 24.035 to vacate, set aside, or correct judgment or sentence. Sadler's counsel later filed an amended motion. The motion court denied Sadler's motion without an evidentiary hearing on May 7, 1997, and Sadler appealed.

■ Appellate review of the denial of a post-conviction motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly

* All statutory references are to RSMo 1994 unless otherwise indicated.

erroneous. Rule 24.035(k); *Leisure v. State,* 828 S.W.2d 872, 873–74 (Mo. banc), *cert. denied,* 506 U.S. 923, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992); *Tolen v. State,* 934 S.W.2d 639, 641 (Mo.App.E.D.1996). Such a finding will be made if, after reviewing the entire record, the court is left with a definite and firm impression that a mistake has been made. *Leisure,* 828 S.W.2d at 874; *Tolen,* 934 S.W.2d at 641. A movant is entitled to an evidentiary hearing on a Rule 24.035 motion if: (1) the movant alleges facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the files and record in the case; and (3) the matters complained of have resulted in prejudice to movant's defense. *Broyles v. State,* 785 S.W.2d 685, 687 (Mo.App.E.D.1990).

### I. Ineffective Assistance of Counsel

Sadler first argues that the motion court clearly erred in denying his motion for post-conviction relief without an evidentiary hearing because his plea counsel was ineffective in failing to advise him that he would be required to serve a minimum of 85% of his sentence before becoming eligible for parole. Sadler contends that his guilty plea was therefore involuntarily, unknowingly, and unintelligently made because he was unaware of these consequences of his plea.

Even if true, Sadler's allegations do not warrant relief because counsel has no obligation to inform him of the collateral consequences of his plea. *Schofield v. State,* 750 S.W.2d 463, 465 (Mo.App.W.D.1988); *Clark v. State,* 736 S.W.2d 483, 484 (Mo.App. E.D.1987). A "collateral consequence" of a guilty plea is one which does not definitely, immediately, and largely automatically follow the entry of a plea of guilty. *Cf. State v. Hasnan,* 806 S.W.2d 54, 56 (Mo.App.W.D. 1991). The possibility of parole is a collateral consequence of Sadler's plea because no prisoner is entitled to parole as a matter of right. Point denied.

### II. Rule 24.02 Requirements

In *Johnson v. State,* this Court recently held that the motion court erred in failing to conduct an evidentiary hearing to determine whether the defendant's plea was involuntary because the court did not personally address the defendant in open court at the plea hearing. 962 S.W.2d 892, 894–96. We note that the facts of this case relevant to this issue are indistinguishable from those of *Johnson v. State.* In addition, the same judge accepted the pleas of Johnson and Sadler.

Before accepting a guilty plea, Rule 24.02 requires the court to personally address the defendant in open court to determine that the defendant understands certain consequences of his plea. The court must inform the defendant of:

1. The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

2. If the defendant is not represented by an attorney, that he has the right to be represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and

3. That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

4. That if he pleads guilty there will not be a further trial of any kind, so that by pleading guilty he waives the right to a trial.

Rule 24.02(b). Rule 24.02(c) requires the court to personally address the defendant in open court to ascertain whether "the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement.".

To determine whether the plea court satisfied the requirements of Rule 24.02 we must examine the transcript of the plea hearing. At the plea hearing, the following exchange took place between the court and Sadler:

THE COURT: Before I accept your plea, I will need to ask you questions to deter-

mine whether you voluntarily and with understanding of your rights, enter this guilty plea. To make those determinations I will want to ask you questions under oath. Do you have any objection to being sworn and so testifying?

SADLER: No, sir.

* * *

THE COURT: But you know how to read?

SADLER: Yes, sir.

THE COURT: I ask that, I need to know whether or not you did, in fact, read these petitions to enter the plea of guilty; did you?

SADLER: Yes, sir.

THE COURT: Did you also have ample opportunity to go over those with your attorney?

SADLER: Yes, sir.

THE COURT: And did you understand the matters set forth in these petitions?

SADLER: Yes, sir.

THE COURT: Do you have any questions about any of this now?

SADLER: No, sir.

THE COURT: Are all of the statements which you made in these petitions to enter a plea of guilty true and correct?

SADLER: Yes, sir.

THE COURT: Mr. Sadler, I want to go over just for the record, and so the record will be clear, Pages 7, 8 and 9 of these petitions. Do you have a copy there?

* * *

THE COURT: Pages 7, 8 and 9 contain paragraph 30 with subparagraphs (a) through (n). Do you have those before you now?

SADLER: Yes, sir.

THE COURT: Those basically state certain of your rights. You state that you understand those rights; is that correct?

SADLER: Yes, sir.

THE COURT: Are those matters which you read previously with your attorney, and went over with your attorney?

SADLER: Yes, sir.

* * *

THE COURT: Do I need to re-read those to you at this time?

SADLER: No, sir.

THE COURT: Are you telling me that you do understand each and every one of your rights stated there?

SADLER: Yes, sir.

After reviewing the transcript of the plea hearing, we conclude that the plea court failed to satisfy the requirements of Rule 24.02. Our discussion of the shortcomings of the plea hearing in *Johnson* is equally applicable to this case:

> Neither the judge, prosecuting attorney, nor [defendant's] attorney addressed [defendant] personally, informed or questioned him about the matters required by Rule 24.02. Instead, the court relied entirely on the Petition to Enter a Plea of Guilty to satisfy the requirements of Rule 24.02. While such a document may be used to supplement the court's personal admonishment to the defendant, it may not be the sole mechanism for determining whether a defendant's guilty plea is an informed decision.

*Johnson*, 962 S.W.2d at 896. To comply with Rule 24.02, the plea court simply had to address Sadler personally on the topics mentioned in that rule. Because the court failed to do so, we reverse and remand for an evidentiary hearing to determine whether Sadler's plea was made involuntarily or unintelligently based on the plea court's failure to follow Rule 24.02.

Accordingly, the judgment is reversed and the case is remanded for an evidentiary hearing.

CRANE, P.J., and RHODES RUSSELL, J., concur.