**Darnell MOORE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 72915.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 18, 1998.

Douglas R. Hoff, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill C. LaHue, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Movant Darnell Moore appeals from the judgment denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. We affirm.

On October 18, 1996, Movant pleaded guilty to four counts of sale of a controlled substance in violation of section 195.211, RSMo 1994. When he appeared before the trial court, Movant offered a "Petition to Enter Plea of Guilty." This document outlined in detail Movant's rights and the range of punishment for the charged crimes, as well as other details concerning the voluntariness of his guilty plea. In addressing Movant, the trial court determined that Movant had reviewed it with his attorney and understood his rights as outlined in the petition. After accepting his guilty plea, the trial court sentenced Movant to four concurrent terms of twelve years of imprisonment in accordance with his plea bargain agreement with the State.

December 16, 1996, Movant filed a *pro se* motion pursuant to Rule 24.035 seeking to withdraw his guilty plea. Appointed counsel filed an amended motion. On July 18, 1997, the motion court denied the amended motion without a hearing. Movant appeals.

In his only point on appeal, Movant asserts the motion court clearly erred in denying without a hearing his claim that he should be allowed to withdraw his guilty plea because the court failed to comply with Rule 24.02(b) by advising him personally and in open court regarding his rights.

Our review is limited to determining whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). The motion court's findings and conclusions are clearly erroneous if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. Rule 24.035(k); *Day v. State*, 770 S.W.2d 692, 695–96 (Mo. banc 1989), *cert. denied sub nom. Walker v. Mis-*

*souri,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

 If the files and records conclusively show Movant is entitled to no relief, then a hearing shall not be held. Rule 24.035(h). To be entitled to a hearing, Movant must: (1) cite facts, not conclusions, which would warrant relief; (2) show the factual allegations are not conclusively refuted by the record; and (3) show he was prejudiced by the factual allegations. *Tolen v. State,* 934 S.W.2d 639, 641 (Mo.App. E.D.1996).

 The State concedes the trial court failed to follow the procedures outlined in Rule 24.02(b). However, it argues that Movant is not entitled to an evidentiary hearing because Movant has not alleged that he did not understand his rights or that his guilty plea was rendered involuntary by the trial court's failure. Movant appears to contend he is automatically entitled to a hearing simply because of the trial court's failure and that he need not allege prejudice. We disagree.

Movant relies upon *Dean v. State,* 901 S.W.2d 323 (Mo.App. W.D.1995) to support his contention. In *Dean,* the Court remanded Dean's motion for a hearing after the trial court failed to address him personally and in open court as required by Rule 24.02 when the court relied upon a pre-printed form to inform Dean of his rights. *Id.* at 328. However, the Court stated that unless Dean could establish he was prejudiced by the violation, that is the court's failure to inform him personally of his rights rendered his guilty plea involuntary or unintelligent, then Dean was not entitled to have his plea set aside. *Id.; See also, Dean v. State,* 950 S.W.2d 873, 876 (Mo.App. W.D.1997) (on remand, the appellate court affirmed the motion court's finding of no prejudice).

In neither his motion nor even in his appellate brief does Movant ever contend that the procedure followed in his guilty plea hearing resulted in an involuntary or unintelligent plea or that he did not in fact understand his rights as enumerated in Rule 24.02(b). As such, he makes no attempt in any way to allege he was prejudiced by the trial court's failure. He is not entitled to an evidentiary

hearing without an allegation of prejudice. *See, Bauer v. State,* 926 S.W.2d 188, 191 (Mo.App. S.D.1996).

This district has addressed the issue of failure of a court to comply with Rule 24.02(b) in two recent cases, *Johnson v. State,* 962 S.W.2d 892 (Mo.App. E.D. 1998) and *Sadler v. State,* 965 S.W.2d 389 (Mo.App. E.D. 1998). In each of those cases, we reversed and remanded for an evidentiary hearing. The opinions in those cases do not specifically address the issue of whether or not a movant should allege prejudice. However, in both cases, the court relied upon the Western District's opinion in *Dean* to remand for a hearing to determine if the movant's guilty plea was made involuntary or unintelligently based on the court's failure to follow Rule 24.02(b). Furthermore, our courts have consistently required an allegation of prejudice before an evidentiary hearing is necessary. *Tolen,* 934 S.W.2d at 641. We find no clear error in the motion court's denial of the motion without a hearing.

The judgment is affirmed.

PUDLOWSKI, P.J., and AHRENS, J., concur.