**Loyd E. BROWN, Jr., Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 23359.**

Missouri Court of Appeals, Southern District, Division Two.

Nov. 27, 2000.

Motion for Rehearing or Transfer Denied Dec. 19, 2000.

Application for Transfer Denied Jan. 23, 2001.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan K. Glass, Asst. Atty. Gen., Jefferson City, for respondent.

GARRISON, Judge.

A complaint filed on August 3, 1996 alleged that Loyd E. Brown, Jr. ("Movant") committed one count of assault in the first degree, Section 565.050,[1] one count of armed criminal action, Section 571.015, one count of unlawful use of a weapon, Section 571.030, and one count of endangering the welfare of a child, Section 568.045. Movant pled guilty, pursuant to a plea bargain, to one count of assault in the first degree on March 24, 1997, and the trial court sentenced him to ten years imprisonment, suspended execution of the sentence, and placed him on probation. Movant's probation was subsequently revoked, the trial court executed the sentence previously imposed, and he was delivered to the Missouri Department of Corrections on March 10, 1999. On April 15, 1999, Movant, pursuant to Rule 24.035,[2] filed a motion for

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

2. All rule references are to Missouri Rules of Criminal Procedure (2000), unless otherwise indicated.

post-conviction relief, which was later amended. The motion court denied relief, and Movant appeals.

Appellate review of the denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Leisure v. State*, 828 S.W.2d 872, 873–74 (Mo. banc 1992), *cert. denied*, 506 U.S. 923, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992). A motion court's findings are clearly erroneous if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Segraves v. State*, 992 S.W.2d 296, 300 (Mo.App. S.D.1999).

In his sole point on appeal, Movant alleges that the motion court erred in denying his Rule 24.035 motion to vacate, set aside or correct the judgment and sentence. Movant argues that the trial court lacked jurisdiction to accept his guilty plea in that the State did not file an information or indictment charging Movant with the crime of assault in the first degree until almost two and a half years after he entered his guilty plea.

The motion court issued an order on August 25, 1999 in which it noted that no information or related docket entry had been found in the court file. It ordered that Movant's conviction and sentence be vacated, granted the State leave to file an information within ten days of the order, directed that Movant would be discharged and released if the State failed to file the information, and scheduled a hearing on the matter for September 13, 1999. The State filed an information on September 1, 1999. On September 27, 1999, an evidentiary hearing was held. At the hearing, the State stated that an information had been drafted and used in Movant's plea hearing, but that the information was subsequently misplaced and put into the State's own file instead of the trial court's file.

Following the hearing, the motion court rescinded its order of August 25, 1999.[3] The motion court found that Movant's claim that the trial court lacked jurisdiction to accept Movant's guilty plea was without merit. Specifically, the motion court found that "repeated references were made to the information, including an acknowledgment by [M]ovant that he had been charged with assault in the first degree; a statement by the prosecutor, without contradiction by [M]ovant or other persons present, that this charge was Count II of the information; and a statement by th[e] [trial court] that it accepted [M]ovant's plea of guilty 'to the offense as charged in the Information on Count II.'" It also found that an information was filed by the State "by delivering it to th[e][c]ourt or to court personnel" and that it was "misplaced at a subsequent time."

The failure to file an information or indictment formally charging a defendant with a crime is a jurisdictional defect, and there can be no conviction obtained or punishment assessed in a case in which such a jurisdictional defect occurs. *Turnage v. State*, 782 S.W.2d 755, 760 (Mo. App. S.D.1989). *See also State v. McQueen*, 282 S.W.2d 539, 540 (Mo.1955); *Tolen v. State*, 934 S.W.2d 639, 641 (Mo. App. E.D.1996). An information is filed when it is deposited with the clerk of the court. *State v.. Austin*, 861 S.W.2d 334, 336 (Mo.App. S.D.1993); *Durley v. State*, 685 S.W.2d 284, 286 (Mo.App. S.D.1985). A defendant cannot waive such lack of subject matter jurisdiction. *Tolen*, 934 S.W.2d at 641.

Here the record clearly shows that the only information on file with the trial court was filed on September 1, 1999, three

**3.** The motion court concluded that it was within its authority to withdraw its initial order of August 25, 1999, in which it vacated Movant's conviction and sentence, as the initial order was not a final judgment under Rule 75.01. For reasons that will be discussed *infra*, we need not address whether the motion court had such authority.

years after the complaint was filed and two years, five months after the plea hearing. In its brief, the State concedes that "no copy of the information now exists which bears a file stamp date prior to the time of [Movant's] plea" and that "no reference was made to the information on the [trial] court's docket sheets." The State argues, however, that "these things are merely evidence of filing the absence of which does not compel the conclusion that the information was not, in fact, filed," and that the motion court's ruling was proper given that the record showed that the information was present and used at Movant's guilty plea hearing.

■   While an information may have existed at the time of the plea hearing and may have been used in the plea proceedings, it was not "deposited" with the clerk of the court at the time Movant entered his guilty plea and was not recorded on the trial court's docket sheets. Therefore, the trial court was without jurisdiction to accept Movant's guilty plea. *See McQueen,* 282 S.W.2d at 540; *Tolen,* 934 S.W.2d at 641; *Turnage,* 782 S.W.2d at 760. Furthermore, contrary to the State's assertions in its brief, Movant did not waive the trial court's subject matter jurisdiction by signing a "Petition to Enter a Plea of Guilty" because, as aforementioned, a defendant may not waive such lack of subject matter jurisdiction. Consequently, Movant's conviction cannot stand, and the motion court clearly erred in finding otherwise.

We reverse and remand for further proceedings not inconsistent with this opinion. What actions the State may take upon remand is a subject we need not address here.

PREWITT, J., and BARNEY, C.J., concur.